## In re COBB'S ESTATE.

No. 8132—Opinion Filed July 31, 1917.

(166 Pac. 885.)

**1. Appeal and Error — Reservation of Grounds of Review—Jurisdiction.**

Where a court has jurisdiction of the subject-matter of a proceeding, error in overruling an objection to its jurisdiction, because the exercise of such jurisdiction is irregularly or imperfectly invoked, not presented in a motion for a new trial and in the petition in error, is waived.

**2. Guardian and Ward — Annual Account —Effect.**

The approval and settlement by the county court of an annual account of a guardian is not final and conclusive upon the ward. Such approval and settlement of an annual account by the county court is only prima facie evidence of its correctness, and such account is subject to re-examination upon the hearing of the final account by such guardian.

**3. Appeal and Error — Review — Judgment.**

Where the judgment of the trial court is not clearly against the weight of the evidence, such judgment will not be disturbed on appeal as being contrary to the evidence.

**4. Guardian and Ward — Final Accounting —Attorney's Fees.**

Where a proceeding is commenced in the county court to remove a guardian, and such removal is denied by the county court, and an appeal taken to the district court from the order denying the removal, and thereafter, by agreement between the guardian and the probate attorneys representing the ward, such appeal is dismissed, and such guardian files his resignation, held, that such guardian is not entitled in his final account to charge the estate of his ward with attorney's fees, witness fees, and expenses incurred in defending himself against removal.

(Syllabus by Rummons, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

In the matter of the estate of Bessie Cobb, a minor. Final accounting by M. C. Flournoy, as guardian. From an order approving the final report, Harry G. Stein, the succeeding guardian, appealed the the district court. There was a judgment there surcharging the guardian's account, and he brings error. Affirmed.

Wm. L. Cheatham, for plaintiff in error.

Pryor and Rockwood, for defendant in error.

Opinion by RUMMONS, C. The plaintiff in error, after filing his final report as the

guardian of Bessie Cobb in the county court of Creek county, resigned as such guardian. The final report was approved by the county court January 2, 1915, and Harry G. Stein, the defendant in error, who had succeeded plaintiff in error in the guardianship, appealed from such order approving the final report to the district court of Creek county. The case was there tried before the court, resulting in a judgment surcharging the account of the plaintiff in error as guardian in the sum of $913.67. Plaintiff in error prosecutes this proceeding in error to reverse this judgment.

It is first urged by counsel for plaintiff in error that the district court of Creek county was without jurisdiction of the appeal from the county court, for the reason that the notice of appeal and the transcript were defective. Plaintiff in error at the trial moved to dismiss the appeal, for the reason that it had not been perfected as required by statute. This motion was overruled by the trial court, to which plaintiff in error accepted. However, the overruling of this motion was not presented to the trial court in the motion filed by plaintiff in error for a new trial. Nor is it presented to this court in the petition in error filed herein by plaintiff in error, but is raised for the first time in the brief of plaintiff in error. The district court had appellate jurisdiction of the order sought to be reviewed by the defendant in error, and therefore had jurisdiction of the subject-matter. The parties to this proceeding appeared in the district court, and any error committed by the district court in overruling the motion to dismiss the appeal because of irregularities in perfecting same is waived by the failure of plaintiff in error to assign such error in his motion for a new trial and in his petition in error. 3 C. J. 1343.

It is next urged on behalf of plaintiff in error that the court erred in surcharging him with certain small items, amounting to the sum of $64.35, because the findings of the court are not sustained by the evidence and are contrary to law. The second assignment of error complains that the court erred in surcharging the account of plaintiff in error with the sum of $500 allowed to plaintiff in error by the county court of Creek county for services as guardian, because the same was allowed and approved by the county court of Creek county and said allowance was final and conclusive. The third assignment of error complains that the court erred in surcharging the account of the plaintiff in error with sums expended by him for attorney's fees, expenses, and witness fees in a proceeding brought in the county court to remove plaintiff in error as guardian, which was appealed to the district court by the defendant in error and the appeal there dismissed, for the reason that said surcharge is contrary to law and is not supported by the evidence.

As to the first assignment of error, the items there complained of consist of several vouchers for money expended in behalf of his ward by the plaintiff in error, which the court found to be duplicates of other vouchers for the same expenses, and of several vouchers for money expended by plaintiff in error in behalf of his ward, which the court found to have been altered and the amounts thereof raised. These items had all be included in annual reports made by the plaintiff in error, which reports had been approved by the county court. It is therefore urged by plaintiff in error that the approval of such reports is final and conclusive, and that the correctness of said items cannot be questioned upon the final report of the guardian. We cannot agree with this contention of plaintiff in error. In 12 R. C. L. p. 1154, it is said:

"The annual report is a part of the regular administration of the court, is intended to inform the judge and also interested parties of the status and general condition of the guardianship, and is usually accepted and filed ex parte and without a hearing. Besides, the ward, who is the party in adverse interest, is legally and usually actually incapable of protecting his own interests, and the one whom the law charges with the duty of asserting and protecting his rights is in this matter the adverse party. It would therefore be grossly unjust to make the annual accounts conclusive against the ward, though they have been accepted by the court. They are prima facie evidence of the state of the account, but are subject to re-examination in settling later accounts." Indiana Trust Co. v. Griffith, 176 Ind. 643, 95 N. E. 573, 44 L. R. A. (N. S.) 896, Ann. Cas. 1914A, 1023.

Section 6565, Rev. Laws 1910, is as follows:

"All the proceedings under petition of guardians for sales of property of their wards, giving notice and the hearing of such petitions, granting and refusing an order of sale, directing the sale to be made at public or private sale, reselling the same property, return of sale and application for confirmation thereof, notice and hearing of such application, making orders, rejecting or confirming sales and reports of sales, ordering and making conveyances of property sold, accounting and the settling of accounts must be had and made as provided and required

by the provisions of law concerning the estates of decedents unless otherwise specifically provided herein."

If it be urged that this section requires the same procedure as to the annual accounts of the guardian as is required as to accounts of administrators or executors of estates of decedents, and that section 6443, Rev. Laws 1910, is applicable to the accounts of guardians, yet as the last section saves to all persons laboring under legal disability the right to move for cause to reopen and examine the account, and further provides that allowance and settlement of such an account is prima facie evidence of its correctness, the rule of law quoted in 12 R. C. L., supra, is still applicable to the instant case, for the reason that the ward, at the time of the settlement of the account relied upon by plaintiff in error, was under legal disability, and she was entitled upon attaining her majority, or by a succeeding guardian during her minority, to ask to have said account re-examined. This, in substance, was what was done in her behalf by the exceptions taken to the final account of the guardian by the succeeding guardian in the instant case.

As to the contention of counsel for plaintiff in error that, as these accounts are prima facie evidence of their correctness, the evidence was insufficient to sustain the finding of the trial court against them, we have to say that, after examination of the entire record, not having the original vouchers complained of before us, we are unable to say that the judgment of the trial court is against the weight of the evidence, and therefore its judgment should be sustained.

As to the second assignment of error, what has been said with reference to the first assignment, as to the conclusiveness of the allowance of the annual account and as to the weight of the evidence, disposed of such assignment adversely to plaintiff in error.

The third assignment complains of the action of the trial court in disallowing the claim of plaintiff in error for reimbursement of his attorney's fees, witness fees, and expenses in defending himself against a proceeding for his removal. It is unnecessary to determine whether or not such an item is properly chargeable against the estate of a ward in a case where the guardian successfully defends himself upon the merits against an attempt to remove him from his charge. In the instant case we have no such state of facts. At the trial counsel for plaintiff in error made the following statement:

"At that time there was pending in the county court of Creek county, Okla., a petition for the removal of the guardian, and the order was denied, and then appealed from, and on the 16th day of March, 1914, under an agreement between Mr. Flournoy and the probate attorney and the attorneys representing H. G. Stein and the estate of Bessie Cobb that appeal was dismissed, and Flournoy's resignation was given to the county court of Creek county, and all matters were settled and dismissed, and the guardian was given leave to file his final report, which was filed."

Under this statement of facts we do not have the case of a guardian who is compelled to protect himself against an unjust attempt to remove him from the execution of his trust, but rather the case of a guardian who is under fire, and who, in consideration of the dropping of the charges against him, resigns. We think that in such a case the guardian is not entitled to be reimbursed for any moneys he may have expended in defending himself, nor has any authority been cited by plaintiff in error sustaining such a charge. We therefore conclude that the trial court did not err in disallowing this part of the final account.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.