**TILMAN v. TILMAN.**

No. 9429—Opinion Filed Nov. 26, 1918.

Rehearing Denied Jan. 13, 1919.

Second Petition for Rehearing Denied May 5, 1919.

(177 Pac. 558.)

1. **Guardian and Ward—Exceptions to Final Report—Hearing and Judgment.**

Where exceptions are filed to the final report of a guardian, and the correctness of previous reports during the entire period of his guardianship are properly challenged, it becomes the duty of the county court to hear and determine the controversy thus raised, and render such judgment as the facts and circumstances justify.

2. **Appeal and Error—Courts—Appeal from County Court—Trial de Novo—Trial by Jury—Appeal from District Court.**

In probate matters, where an appeal is taken from the county court to the district court on questions of fact, or on questions of both law and fact, the trial in the district court must be de novo, and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court: and such appellate court has the same power to decide the question of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for a trial by jury of an-- -- all of the material questions of fact arising upon the issue between the parties, provided that, where an order to try the questions of fact to the jury is made, such order must state distinctly and plainly the questions of fact to be tried, and on appeal to this court from the judgment of the district court in probate matters the entire record will be examined, and this court will render, or cause to be rendered, such judgment as should have been entered on the trial of the case.

(Syllabus by Springer, C.)

Error from District Court, Noble County; W. M. Bowles, Judge.

Leona Tilman (now Leona Cox) filed exception in the county court to the final report of John F. Tilman, her guardian, and sought an accounting. In the county court the guardian's reports were modified, by disallowing certain charges, and there was judgment accordingly, and the guardian appealed to the district court, and from its judgment, the exceptant brings error. District court directed to render judgment in favor of exceptant for amount stated.

Johnston, Robinson & Rice, for plaintiff in error.

Opinion by SPRINGER, C. The parties will be referred to as guardian and ward. On June 27, 1902, John F. Tilman was appointed guardian of his daughter, Leona Tilman, then five years of age. At the same time he was also appointed guardian of Frank and Leafy Tilman.

The record discloses that his deceased wife, the mother of these children, was a member of the Otoe and Missouri Tribes of Indians, in Noble county, Okla. The mother and each of these children held an allotment of 160 acres of land in Noble county. The record discloses that the guardian never made any report of his guardianship until July 1, 1906, which was five years after his appointment. The report shows total receipts during the five years to have been $830.79, and the total expenditures to have been $837.90. Following the filing of the report, Louie E. McKnight filed an application for the removal of the guardian, and requested the appointment of H. W. Newman as guardian of the minors; John Embry, United States attorney, appearing for the application. Objections were also filed by the United States attorney, objecting to the report of the guardian.

On the 29th day of January, 1907, the court heard and determined the application for the removal of the guardian, and also the objections to the report, and took the matter under advisement until the 6th day of February, 1907, and at that time the court modified the report filed by the guardian, by disallowing items of expenditures in the sum of $395.45. The court further found that the application for the removal of the guardian should be denied, but required him to give additional bond, and to make regular annual reports thereafter, and at said time found the guardian to be indebted to his ward, Leona Tilman, after allowing all credits to which he was entitled, in the sum of $395.45.

It seems that the journal entry made by the court at that time was found in the files, but does not seem to have ever been entered of record, and, on final hearing of this matter, H. E. St. Clair, who was at the time of making the order, probate judge of Noble county, appeared as attorney for the guardian and testified that after preparing the order he laid the matter away for further consideration, and did not finally render judgment as set forth in the order, but allowed the original report of the guardian to stand.

The second report of the guardian was filed October 8, 1908, and covers his account from the time of filing his previous report

to June 20, 1908, and shows his receipts to have been $507.11, and his expenditures to have been $78.59, which left a balance due the ward of $428.52.

His next report was filed April 11, 1911, and covered his accounts to April 1st of that year. The report shows his receipts during that time to have been $586.54, which, together with the balance carried over from his account and added to the general summary, shows a total sum of $1,015.06 due the ward. The report also shows his expenditures during that time to have been $846.90, which left a balance due the ward of $168.16.

His next report was filed April 12, 1912, covering his accounts to April 1st of that year. The report shows his receipts to have been $182.30, which, together with the balance due his ward from the previous report made a total of $350.46 due the ward, and it also shows his expenditures to have been $244.20, which left a balance due the ward of $106.26.

The next report of the guardian was made June 21, 1913, covering his accounts to April 1st of that year, and shows his receipts to have been $299.66, which, together with the balance due the ward from his previous report, made a total sum due her of $406.92. The report shows his expenditures during that time to have been $340, which left a balance of $166.92 due the ward.

His next report was filed April 20, 1914, and covered his accounts to April 1st of that year, and shows his receipts to have been $180.32, together with the amount due the ward from the previous report, shows a total sum due her of $357.24. The report shows his expenditures to have been $350.66, which left a balance of $6.58 due the ward.

The next report was filed January 18, 1916, covering his accounts to that date, and shows his receipts to have been $330, which, together with the amount due the ward from his previous report, shows a total sum due the ward of $336.58. The report shows his expenditures to have been $360.05, which left a balance due him from the ward of $23.47.

The record in this case discloses that the ward reached her majority on the 1st day of December, 1914. Within the time provided by law she filed exceptions to the final report of the guardian and requested an accounting, in which she pointed out specific irregularities in the various reports made by him, and further alleged that certain expenditures which the previous re-

ports show to have been made were not made at all, and asked a general accounting covering the entire period of his guardianship, from the time of filing his first report down to and including the time of filing his final report.

Upon the hearing before the county court the report filed by the guardian on the 1st day of March, 1907, was modified, by disallowing some of the items of charges made by the guardian; the total deductions being $370.39. The report filed April 1, 1911, was modified, by disallowing some of the items of charges; the total sum disallowed being $58.20. And the report filed April 1, 1912, was modified, by disallowing some of the charges in the total sum of $145.

The report filed April 1, 1913, was modified by disallowing some of the charges, in the total sum of $143. The last report, filed on January 18, 1916, disallowed some of the items of charges, and modified the same in the total sum of $184.

The final hearing of this matter before the county court resulted in a modification and disallowance of items of charges in the various reports of the guardian, in the total sum of $900.59, which sum, together with the sum of $395.45, the amount being due the ward after the county court had modified the first report filed by the guardian, made the total sum of $1,296.04. The county court found this sum to be due the ward from the guardian, and rendered judgment accordingly.

The county judge, who tried the case and heard and determined the facts, made the following specific findings of fact:

"The court finds that the guardian has been grossly negligent in the discharge of his duty and trust as such guardian; that during the entire time of his guardianship, covering a period of nearly 13 years, he failed to keep an account of the receipts and disbursements for the estate of his ward; that there was no separate account kept of the moneys collected for the ward by the guardian, but the same were kept and used as the private and individual funds of the said guardian, in violation of law; that the lands belonging to his said ward were used by him for a period of years, and that he failed to make proper charge against himself for the use and occupation of the same; that the charges against said ward, and for which he credited himself, were unwarranted, and evidenced gross and wanton extravagance, and the money expended with a prodigality that only the idle rich can afford: that the extent of his expenditures were presented to the court without filing any voucher for the same, or without producing any book con-

taining the entries of his charge, or his record evidence thereof; that the charges were not only extravagant and unwarranted, but often inconsistent, erroneous, and inaccurate."

From the order and judgment of the county court the guardian appealed the case to the district court. The district court, after having heard and considered the case upon the testimony introduced, found there was $60 due the ward from the guardian, and rendered judgment for that amount.

The trial of this case in the district court is governed by section 6515, R. L. 1910, which provides for a trial de novo in the district court, where the appeal is taken on questions involving both law and fact. The district court is clothed with the authority to try the case on appeal without a jury, or it may in its discretion, as in suits in chancery and with like effect, make an order for a trial by jury of any or all of the material questions of fact arising upon the issues between the parties: Provided, however, the order submitting any question of fact to the jury must state distinctly and plainly what questions of fact are to be tried. In the district court the parties are not entitled to a jury trial as a matter of right. Cartwright v. Holcomb et al., 21 Okla. 548, 97 Pac. 385.

We have examined the record and the evidence in this case with a great deal of care, and we concur in the findings of the county court, at least to the extent of the items of charges disallowed by it on the various reports of the guardian. This record discloses a careless and indifferent method of managing the estate of his ward by the guardian. The evidence in this case fully discloses that the charges against his ward's estate were extravagant and excessive, and in a great many instances are completely unjustified in any view, and without any foundation in fact. The reports for the most part are unaccompanied by any vouchers, or any accounts of any character, and we think the evidence in this case fully justifies the conclusion that the reports were in the main based upon pure guesswork, without any data, and without any basis, except memory. In dealing with his ward, the probate courts of this state should require the guardian to present a book account or a voucher, or some independent evidence of every item of expenditure claimed. Such matters should not be left to the memory of man, no matter how retentive or reliable it might be.

Upon the final report of a guardian, the ward may file objections to the report, or to any other report made by the guardian during the entire period of his guardianship, and where such exceptions are filed it is the duty of the county court to hear and determine the controversy thus raised, and to render an accounting between the guardian and his ward, and to render such judgment as the facts and the law justify.

The testimony in this case of the witness St. Clair shows that as county judge the order made by him, modifying the first report of the guardian, never was intended to become the judgment of the court, and we are of the opinion that the county judge was wrong in rendering judgment in favor of the ward for the amount found to be due her in the order modifying the report in the sum of $395.45.

We are of the opinion that the county court was correct in its other findings, and, having reached this conclusion, the lower court is directed to render judgment in favor of the ward for the sum of $900.59.

By the Court: It is so ordered.