This is an appeal by Phillip H. Garnett, former guardian of Ada Myers, his former minor ward, from an order and judgment of the district court of Muskogee county surcharging him and his final account with three certain items, as follows: $666.60, $53.33, and $48.00, making a total surcharge against him of $767.99.
The first and third of these items were set out and stated in the guardian's annual report and the second item was not specially reported but they were all claimed as credits by the guardian in his final settlement.
The first item, $666.66, was for attorney fees, and was allowed by special order of the court upon a petition by the attorney and the guardian for that purpose. The guardian, by approval and order of the court, had employed Dan N. Meredith, an attorney, by written contract, agreeing to give him one-third interest in a certain tract of land to bring suit to recover and clear the title of same, and if the suit failed he should receive nothing for his services. The suit was brought, the land recovered, and the title cleared. The agricultural value of the land was estimated at $4,000, the oil and gas royalty value at $3,000, and there was an oil and gas lease on said land with an annual rental value of $160. It was considered that the contract for an interest in the land was void or nonenforceable, and upon petition of the guardian the court made an order allowing the attorney a money fee for his services, the amount to be equal to one-third of the estimated value of the said tract of land, and this item of $666.66 is a part of this money fee; the balance of the fee paid by the guardian upon allowance and order of the court was the sum of $1,325 which is not contested in this appeal. The item of $53.33 was paid without a special order of the court and was reported by implication in one of the annual reports, that is, the guardian collected the annual rental from the oil and gas lease in the sum of $160.00 and paid the attorney one-third of it, being $53.33, and reported the balance for his ward in the annual report. The order allowing the item of $666.66 and directing the guardian to pay it to the attorney was made by the court on September 15, 1916, and the final paragraph in said order was as follows:
"It is therefore, ordered, adjudged and decreed by this court that the said Dan N. Meredith is entitled to be paid an undivided one-third interest in the sum of $2,000, belong the sum of $666.66, and that the guardian is hereby authorized and directed to pay the said Dan N. Meredith the sun of $666.66."
This item was reported in the annual report January 8, 1917, as item of credit. After due notice this report was heard on February 2, 1917, and by order of the court was approved and the balance due the ward was $1,104.38. The guardian made and filed his second report January 21, 1918, and the same was approved by order of the court on February 18, 1918, and the balance due the ward was $86.48.
On November 1, 1918, the third annual report was made and filed, the same was approved November 23, 1918, and balance due the ward was $67,68. The final report of the guardian was made and filed on December 6, 1919. The ward becoming of age filed objections to this report on December 31, 1919, in which she objected to the three items above mentioned together with many *Page 145 
other objections to the annual reports as well as the final report. The court overruled the objections of the ward as to these three items and approved the final reports January 16, 1920. The item above mentioned of $84.88 was for appraisers' fees and were paid by the guardian by special order of the court made on November 6, 1918, and the same was reported as an item of credit in the next annual report thereafter. All the items contested and involved in this appeal were allowed by order of the court except the $53.30, and were not objected to until objections were filed to the guardian's final report December 31, 1919.
1. It is the contention of the appellant that the orders made by the county court allowing attorney's fee in the sum of $666.66 and the appraisers' fees in the sum of $84.88 and directing the same to be paid and the same being paid, in the absence of fraud or mistake, are conclusive upon all parties and not subject to contest on hearing of final report. We think this is correct. The Constitution and statutes creating and regulating county courts of this state provide for original jurisdiction in all probate and guardianship matters, and their orders and judgments have the same force and effect and are subject to the same procedure for correction as district courts. Section 7, article 11, Constitution; section 1085, Compiled Laws 1921; Greer et al. v. McNeill et al.,11 Okla. 519, 69 P. 891; McFarland v. Barker et al., 80 Okla. 274,196 P. 131.
The appellee, in contesting the $666.66 item and the $84.88 item, which were allowed by special order of the court upon petition of the guardian, does not object to or contest these items by motion to set aside the orders allowing and directing them to be paid, and does not claim any mistake or fraud, and does not deny that they were paid, but proceeds on the theory that they are such items of the estate reported in the annual reports as can be contested by objection to the final report of the guardian, under the general rule as stated in Lewis' Estate, 81 Okla. 240, 196 P. 341; In re. Cobb's Estate,66 Okla. 53, 66 P. 885; Tilman v. Tilman, 74 Oklahoma,177 P. 558, and Rule 4 of this court, stated in 47 Okla. at page xv; and we are in full accord with the general rule as stated in all these cases but they are not applicable to the question raised by the appellant in the case at bar. In the case of Lewis' Estate, supra, all the annual reports of the guardian were introduced in evidence and the question of fraud and proper vouchers were the questions involved in the case. In the case of Cobb's Estate, supra, it is held that the settlement by the county court of an annual account of a guardian is not equal and conclusive upon the ward but only prima facie evidence of its correctness and subject to re-examination upon the hearing of the final account of the guardian. Rule 4 of this court states the same rule. In Tilman v. Tilman, supra, the court stated the rules in the first paragraph of the syllabus as follows:
"Where exceptions are filed to the final report of the guardian and the correctness of previous reports during the entire period of his guardianship is properly challenged it becomes the duty of the county court to hear and determine the controversy thus raised and render such judgment as the facts and circumstances justify."
Under these decisions the orders of the county court approving annual reports are in the nature of interlocutory orders and are only prima facie evidence of their correctness, and as long as the court has jurisdiction of the case such orders and the items entering into the reports are subject to be changed upon objections at any time before final judgment and the discharge of guardian subject to the rights of the ward when he reaches his majority to move in the case.
While it is true that all items entering into the estate of the ward and all items stated in the annual reports of the guardian may be called up, examined, and passed on in the final report and may be objected to on the hearing of the final report, yet some items cannot be successfully objected to and contested in such hearing. Such are items of judgment by courts of competent jurisdiction and items by special orders of the county court allowing fees and expenses in the administration of the trust and ordering same to be paid and which are paid and items by orders of the county court approving oil and gas leases and legal mortgages approved by the court. Ozark Oil co. v. Berryhill, 43 Okla. 523, 143 P. 173; Evans et al v. Harris, 60 Okla. 27, 158 P. 898; McFarland v. Barker et al.,80 Okla. 274, 196 P. 131; Cotner v. Lon Jacobs Grocery Co.,84 Okla. 1, 202 P. 997.
In Ozark Oil Co. v. Berryhill, supra, the court states the rule as follows:
"The defendant in error, while a minor, through his guardian, petitioned the county court of Okmulgee county for an order permitting him to lease certain lands to plaintiff in error for the purpose of producing oil. The order was granted and the lease executed for a term of five years, and so long as oil and gas were found in paying *Page 146 
quantities. Said lease was approved by the county court and Secretary of the Interior. After the ward became of age and before the expiration of the lease, he filed in his own name his petition in the county court, praying for the modification, and in effect, the cancellation of said lease, upon the ground that it was obtained by misrepresentations. The county court granted the relief prayed for. Held, that this was not a probate proceeding, and the county court was without jurisdiction to entertain said proceedings to modify and cancel said lease and render the judgment complained of. The appeal is dismissed, with direction to the court to vacate the judgment rendered and dismiss said proceedings."
In Evans et al. v. Harris. supra, the rule as to the status of order allowing attorney's fees is stated as follows:
"The county court has power to determine the amount due an attorney for services to a minor, where guardianship proceeding is pending in such court, and an order, upon the attorney's petition filed such guardianship proceeding, asking the allowance and payment of such fees, is res judicata as to a subsequent suit against the guardian as such to recover the same fees for the same service."
In Cotner at al. v. Lon Jacobs Grocery Co., supra, the second paragraph of the syllabus lays down this rule.
"When a claimant presents his claim for allowance in a guardianship proceeding in the county court against the estates of wards for necessities furnished for the wards, and the court finds the goods furnished were necessities for the wards and were used by the wards, and such fact is not even questioned in the court, and the court further finds that the parents had not the means to support said wards, and this is not questioned at the hearing on said claim, and there is no showing of fraud or collusion, this court on appeal will not disturb such findings of the lower court."
In McFarland v. Barker et al., the court lays down the rule as to conclusiveness of certain orders in probate proceedings as follows:
"The county court has power to determine the amount due for money advanced for support and education of a minor, where guardianship proceeding is pending in such court, and an order, upon petition filed in such guardianship proceeding, asking allowance and payment of such claim, is not subject to collateral attack, although said order may be erroneous and subject to review on appeal."
The last case is very much like the case at bar.
"On the 23rd day of August, 1909, B.A. McFarland, as guardian, filed a petition in the county court of Craig county to be allowed to pay certain costs incurred in the sale of real estate and set forth in the same petition, the fact that Alice J. Lynch, the mother of said minors, during her lifetime received certain money from Jeff D. Sexton, that was used for clothing, schooling and maintaining said minors and that the adult children had paid their portion of the claim to Jeff D. Sexton and prayed that an order be made permitting him to pay the portion that should be charged to the four minor children amounting to $155 for each minor. The petition was signed and sworn to and attached to the same was a sworn statement of Jeff D. Sexton that the notes of Alice J. Lynch were given for money advanced and education of said minor children. The county court proceeded to hear evidence regarding the facts contained in the petition, and made a finding that the money was used in schooling, educating, clothing and maintaining the minors, and ordered and directed that the guardian be authorized and directed to pay said amount in the total sum of $620 and charge $155 to the account of each minor. The guardian complied with said order and withdrew $155 from the funds of each of the estates and paid the same to Jeff D. Sexton, as directed by the order of the court. The guardian filed his annual report each year in the county court disclosing what money had been expended and the amount on hand, and said reports were approved each year by the county judge."
When the minor, Sarah F. Barker, became of age the guardian filed a final report and resignation, as guardian of the two remaining minors. The said Sarah F. Barker filed objections to the final report and contested for herself and for the two minors the items above mentioned. The county court overruled the objections and approved the report. The case was appealed to the district court and tried de novo and on an agreed statement of facts as above set out. The district court rendered judgment against McFarland in favor of Sarah F. Barker and each of the minors in the sum of $155 in each proceeding. McFarland appealed from this judgment to this court, and this court reversed the judgment of the district court and stated the rule as follows:
"The correctness of the judgment of the district court depends upon whether the order of the county court directing the guardian to pay out said funds was void or erroneous. If void, the order is subject to collateral attack and may be attacked in this proceeding; but if erroneous the same is not subject to collateral attack, but would be subject to be reviewed on appeal. This court, in an opinion by Commissioner Burford, passed on a case which is almost identical with the facts in the case at bar, and *Page 147 
which has not been referred to by either the plaintiff in error or the defendant in error, to wit: Evans v. Davis, 60 Okla. 27,158 P. 898, wherein this court stated as follows:
"'The county court has power to determine the amount due an attorney for services to a minor where guardianship proceeding is pending in such court and an order upon the attorney's petition filed in such guardianship proceeding asking the allowance and payment of such fees is res judicata as to a subsequent suit against the guardian as such, to recover the same fees for the same services.'
"Commissioner Burford held that section 13, article 7, of Constitution gave the county court authority to pass upon a petition similar to the one in controversy in this case.
"We are unable to distinguish a difference between a judgment of a county court based upon a petition to pay attorneys fees and one based upon a petition to repay certain money that had been advanced and used for the education and clothing of said minors. When the court found the money was so used and ordered the guardian to pay the claim it would be a legal order. It is admitted there was no fraud connected with the transaction. The order of the court directing the guardian to pay said claim would not be void and subject to collateral attack in this kind of proceeding although the order of the court might be erroneous and reviewed on appeal."
Adopting the same argument, we are unable to see any difference in the principles above stated and the principles involved in the case before us. The last paragraph quoted from the McFarland case makes the argument "on all fours," in favor of appellant in this case. The guardianship was pending; the guardian joined by the claimant made application by petition for allowance and payment of the item contested, to wit, $666.66, as attorney's fees and the guardian made application by petition for allowance and payment of the appraisers' fees in sum of $84.88. The court had jurisdiction of the subject-matter and made the orders, and the orders so made are not void, and if erroneous could have been reviewed on appeal, but are not subject to attack by objections to the guardian's final report. And this comports with right and justice, for it would be a great injustice for the court having jurisdiction to make an order allowing a claim and ordering payment, and the guardian having complied with the order in good faith, for the court to set it aside and surcharge the guardian with the amount paid out.
2. It appears from the record that the item of $53.33 called up by the objections to the final report is a part of the fee claimed by the attorney for representing the minor in the suit for possession of the land and was based upon the contract for an undivided one-third interest in the land recovered, and was paid by the guardian from the oil and gas lease annual rental of a $160 and was paid without any special order of the county court allowing the same, and in the annual report of November 1, 1918, the guardian reported it as an item of credit as follows: "July 23rd, 1918; oil and gas bonus on allotment (two-thirds) $106.00." and it does not appear anywhere in the record that the court approved this amount paid to the attorney, but did by order approve the annual report containing the item of oil and gas rental as above stated. The item paid the attorney was not reported, but the full amount of the oil and gas rental was accounted for in the hearing on the final report by testimony showing that the balance not reported was paid to the attorney. The error was pointed out in the objections to the final report. The court heard the objections in the final hearing and allowed the missing item as a credit in the account of the guardian, and on appeal the district court, reviewing the annual reports together with the final report, surcharged the guardian with this item.
The appellant contends that this was error; that the district court should not have reviewed the annual reports; that the orders approving them were final orders and not subject to contest or review on hearing the final report; but we cannot agree with this contention. In the first place, this item of $53.33 was never reported in any annual report and never was considered and allowed by the county court until on hearing the final report.
In re Cobb's Estate and Tilman v. Tilman, supra, settle this question against the contention of the appellant. The guardian should not have paid out the $53.33 without a special order made and entered by the county court for this purpose, and when he did he made it at his peril. The testimony shows that the guardian paid this item to the attorney on the theory he was entitled to it according to the agreement that he was to have a money fee instead of an interest in the land recovered by the suit on the basis of an agreement for a one-third interest in the land. It is conceded that the court did not approve by order this payment at the *Page 148 
time the same was made, and this being true, the item was subject to objection and contest on hearing the final report, and when cause was tried de novo in the district court the court held against the appellant and surcharged his account with $53.33, which was a question of fact for the court to pass on and we cannot say this holding as to this item was against the weight of the evidence.
Taking this view of the whole case, we deem it unnecessary to discuss the last contention of appellant or of the appellee. Therefore the judgment of the trial court as to the $666.66 and the $84.88 item is set aside, and the judgment as to the $53.33 item is affirmed, and the cost is taxed against the appellant, and the cause is remanded to the district court of Muskogee county and said court is directed to certify the case back to the county court for further proceeding not inconsistent with this opinion.
By the Court: It is so ordered.