## MASON v. FORD et al.

No. 15126—Opinion Filed April 29, 1924.

Rehearing Denied May 20, 1924.

Second Rehearing Denied Aug. 1, 1924.

(Syllabus.)

1. **Appeal and Error—Discretion of Trial Court—Allowance of Guardian's Compensation.**

Under section 1463, Comp. Stat. 1921, which provides: "Every guardian must be allowed the amount of his reasonable expenses incurred in the execution of his trust, and he must also have such compensation for his services as the court in which his accounts are settled deems just and reasonable," the amount allowed a guardian as compensation is a matter to be left to the sound judicial discretion of the county court, and to the district court on appeal, and an order allowing compensation will not be disturbed by this court, unless there has been an abuse of this judicial discretion.

2. **Same—Basis of Compensation.**

In cases of this character it is necessary to determine each case upon the particular facts of that case, because it is impossible to lay down a fixed rule of compensation for services rendered in the control and management of the estate of a minor.

3. **Same—Abuse of Discretion — Reduction of Amount.**

An examination of the record in this case shows an abuse of discretion in the allowance of guardian's compensation and a reasonable compensation is found to be the sum of $5,500.

4. **Guardian and Ward—Allowance of Attorney Fees—Res Judicata.**

The county court has power to determine the amount due an attorney for services to a minor, where guardianship proceedings are pending in such court, and an order asking for allowance and payment of such fees is res judicata in the settlement of the final accounts of the guardian.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Final report of P. M. Ford as guardian of Isaac Mason, Jr. From allowance of certain items of compensation to guardian and attorneys, Isaac Mason, Sr., as guardian, appeals. Reversed and remanded with directions.

Neff & Neff, for plaintiff in error.

C. F. Gordon, or defendants in error.

COCHRAN, J. This is an appeal from a judgment of the district court of Muskogee county approving the final report of P. M. Ford, guardian of the estate of Isaac Mason, Jr. In the county court of Muskogee county exceptions were filed in behalf of Isaac Mason, Jr., to certain items in the final report of P. M. Ford. These items consisted of a claim of $13,000 for compensation of guardian, and $5,000 paid to Rutherford & Cosgrove, attorneys, and an item of $500 paid to C. F. Gordon, attorney. These items were allowed by the county court of Muskogee county, and an appeal was taken to the district court of Muskogee county, and in that court the two items for attorney's fees were allowed, but the item for guardian compensation was reduced from $13,000 to

$10,500, Section 1463, Comp. Stat. 1921, provides:

"Every guardian must be allowed the amount of his reasonable expenses incurred in the execution of his trust, and he must also have such compensation for his services as the court in which his accounts are settled deems just and reasonable.'

The amount allowed the guardian as compensation is a matter to be left to the sound discretion of the county court and to the district court on appeal, and an order allowing compensation will not be disturbed by this court unless there has been an abuse of this judicial discretion. In cases of this character, it is necessary to determine each case upon the particular facts of that case, because it is impossible to lay down a fixed rule of compensation for services rendered in the control and management of the estate of a minor. What would be a reasonable compensation in one case might not be reasonable in another. The court must fix a reasonable compensation, depending upon the facts and circumstances in each particular case. There are so many circumstances which can enter into the determination of the proper compensation of a guardian that we would not undertake to lay down a fixed rule for determining compensation other than that such compensation must be reasonable under the facts and circumstances of that particular case.

In the instant case the minor is eight years of age and resides with his father, Isaac Mason, Sr., in Washington, D. C. P. M. Ford has never had the custody of the minor nor looked after his education or support other than furnishing a monthly allowance to the father of the minor for his support. P. M. Ford was appointed guardian of the minor in May, 1918, and served as such guardian until May 23, 1923, or a period of approximately five years, and during that time his duties as guardian were confined to the management of his estate. The minor owned 160 acres of land, on which there were producing oil wells, and from which the guardian has received oil royalties. The other estate of the minor at the time Ford was appointed guardian amounted to $41,150, which was invested in real estate first mortgage loans and bonds. During the time Ford was guardian the total income collected by him amounted to $41,-161.35, and of this amount $27,065.35 was received by him as oil royalties, leaving $14,-095.97 of income received from the following sources:

Rent on house _____ $1,615.00
Crop rent _____ 1,651.72

Interest on real estate loans ___ 7,103.50
Interest on bonds _____ 3,401.25
Lease rentals _____ 324.50

The annual report covering a period from May 24, 1918, to May 24, 1919, shows a total amount received for the estate of $3,-684.65. During that period the guardian expended the sum of $947.70, and claims compensation as guardian in the sum of $1,250. For the period from May 24, 1919, to May 21, 1920, the guardian received for the estate the sum of $25,425.59. The total expenditures amounted to $19,630.06. Of this amount $14,002.64 was invested in real estate mortgages and bonds, and $2,400 was charged as guardian's compensation, leaving the sum of $3,227.42 expended other than amounts invested in real estate mortgages and bonds and the amount claimed for guardian's compensation. For the period of May 31, 1920, to May 31, 1921, the total receipts amounted to $24,346.19, and the total expenditures amounted to $19,-671.48. Of this amount $6,000 was invested in loans and $2,400 was claimed as guardian's compensation, leaving the sum of $11,-271.48 expended for other purposes. For the period from May 31, 1921, to May 21, 1922, the total receipts amounted to $14,132.49. The total expenditures amounted to $5,214.65, of which $2,400 was claimed as guardian's compensation, leaving $2,814.64 expended for other purposes. For the period from May 21, 1922, to May 14, 1923, the guardian received the sum of $18,874.60, and expended the sum of $18,874.60. Of this sum $12,128.37 was invested in mortgage loans and $2,900 was claimed as guardian's compensation, leaving the sum of $2,-814.64 expended for other purposes.

The allowances made by the county court and the reduced amounts allowed by the district court, in view of the circumstances in this case, the character of the investments, the amount of work necessarily involved in looking after the estate, the supervision of the estate required of the guardian, and his responsibility for the handling of the funds, were each excessive and unreasonable. As stated above, the estate at the time this guardian took possession of the same, exclusive of the value of the oil lands, amounted to $41,150, and at the time of the final report amounted to $52,000, or an increase of $10,850, although the total income during that period amounted to over $41,000, and although the minor was furnished only $100 a month for his support during a portion of the time and $150 per month during the remainder of the time. It is impossible for us to determine as accurately as we would

like the amount of compensation due the guardian because the record does not reveal some facts which we consider would be of great assistance in ascertaining a proper compensation, but it is our opinion from the evidence before us that a reasonable compensation for the entire period the guardian had charge of the estate is $5,500, and that the compensation claimed by P. M. Ford in his guardianship accounts from May 24, 1918, to May 23, 1923, in excess of $5,500 should be disallowed, and that the account of P. M. Ford, as guardian, should be surcharged of all amounts in excess of $5,500.

The plaintiff in error further contends that the district court of Muskogee county erred in allowing the items of $5,500 paid as attorney's fees to Rutherford & Cosgrove. This fee was paid under a special order of the county court of Muskogee county authorizing the guardian to pay that sum as attorney's fee, and such order has been held by this court to be res judicata in the settlement of the final accounts of the guardian, and not subject to attack in such proceedings. In re Myers 'Estate, 93 Okla. 143, 219 Pac. 943.

The item of $500 allowed by the county court of Muskogee county to C. F. Gordon does not appear to be an unreasonable allowance, and the action of the district court and the county court in that regard will not be disturbed.

The judgment of the district court of Muskogee county is reversed, and the cause remanded, with directions to enter judgment disallowing the claim for guardian's compensation in excess of $5,500, and surcharging the guardian's account for all sums claimed as guardian's compensation in excess of that amount, and that such further and other proceedings shall be taken as are consistent with the views herein expressed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.