## MAYO. Gdn., v. OVERSTREET et al.

No. 13236—Opinion Filed May 7, 1924.

Rehearing Denied June 17, 1924.

Second Rehearing Denied Dec. 30, 1924.

(Syllabus.)

1. **Guardian and Ward — Settlement of Guardian's Annual Account—Conclusiveness.**

"The approval and settlement by the county court of an annual account of a guardian is not final and conclusive upon the ward. Such approval and settlement of an annual account by the county court is only prima facie evidence of its correctness, and such account is subject to re-examination upon the hearing of the final account by such guardian." In re Cobb's Estate, 66 Okla. 53, 166 Pac. 885.

2. **Evidence—"Prima Facie Evidence."**

"Prima facie evidence of a fact is such evidence as in the judgment of the law is sufficient to establish the fact, and, if not rebutted, remains sufficient for that purpose." Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141.

3. **Appeal and Error—Findings — Insufficiency of Evidence — Deficient Answer Brief.**

When the plaintiff in error asserts in his brief that there is in the record no evidence to support a finding of fact made by the lower court and there sets out the substance of evidence, which on its face is sufficient to show such finding of fact to be erroneous, and cites the pages in the record where such evidence appears, and the defendant in error in his brief fails to set out any evidence or the substance thereof sufficient to support such finding of fact or to advise the court where such evidence may be found in the record, this court will not search a voluminous record, to find evidence to support such finding of fact, but will sustain the contention of the plaintiff in error in that regard.

4. **Guardian and Ward—Title of Wards to Funds Perfected by Limitations—Dispute by Guardian.**

From the sale of an estate the mother of two minor children received money belonging to her but which, by her mistaken opinion of the law, she thought belonged to the said children, and, so believing, paid same over to their guardian, and the guardian so received and inventoried and reported it to the county court as the estate of his wards. On his final accounting in such county court, the mother asserted no claim to such money and any claim which she could make was barred by the statute of limitations. The guardian had no right to deny the title of his wards to said funds.

Error from District Court, Bryan County; Geo. S. March, Judge.

In the matter of guardianship of estates of Nora May and Daisy Lillie Overstreet, minors. Judgment for wards settling final account of J. J. Mayo, guardian, and the guardian, by his surety, brings error. Modified and remanded, with instructions.

E. C. Stanard, C. H. Ennis, and M. L. Hankins, for plaintiff in error.

Hatchett & Semple, for defendants in error.

LYDICK, J. In this case, J. J. Mayo was guardian of the estates of Nora May Overstreet and Daisy Lillie Overstreet, minors, who were the daughters of the wife of J. J. Mayo by a former marriage. The guardianship was a joint one and the matter was pending in the county court of Bryan county, Okla. The guardian had given his bond in said proceedings, as by law required, and the Southwestern Surety Insurance Company, a corporation, was the surety upon his bond. The guardian absconded, and upon the order of the court for the guardian to appear and make final report, the said surety company upon his bond appeared and made the reports for and on his behalf. The wards appeared and filed objections to the reports. A hearing was had in the county court and judgment rendered, settling said accounts and adjudging the guardian to be indebted to the minors in the sums therein specified. The said surety company for itself and on behalf of its principal, the guardian, appealed to the district court of Bryan county, where a trial de novo was had and judgment rendered by the district court, again settling said accounts and finding the guardian to be indebted to each of his wards in sums specified in said judgment. The case is brought here on appeal by petition in error with case-made attached.

The plaintiffs in error assign 25 specifications of error, but in their last analysis they really raise but one question, and that is that the judgment of the lower court is not sustained by the evidence when applied in accordance with the law. The guardian had charge of these estates in his official capacity for a number of years before he absconded, and during that time had made many reports in form and manner required by law, and which reports the county court had duly examined and approved. In the trial of the case in the lower court, these approved reports of the guardian were introduced in evidence and much other testimony was heard in relation to the final report of the guardian made by the surety, and which was then under consideration. On the settlement of the final accounting of the guardian, the annual reports that had been filed by the guardian and approved by the court are prima facie proof of their correctness.

In the case of Hamilton v. Blakeney, 65

Okla. 154, 165 Pac. 141, this court said:

"Prima facie evidence of a fact is such evidence as in the judgment of the law is sufficient to establish the fact, and, if not rebutted, remains sufficient for that purpose."

Admissions by the guardian against his own interest and contained therein are stronge evidence against the guardian in further proceedings in relation to his accounts, while claims made by the guardian therein on his own behalf are merely prima facie proof of their correctness. Proof of the incorrectness of any of these former approved reports of the guardian and proof of all matters material to the final accounting under consideration by the court may be made even in the absence of the guardian who has absconded and who is not personally defending his report. This may be done by any evidence, either direct or circumstantial, which is competent under the well-recognized rules of evidence. See 12 Ruling Case Law, 1154; Tilman v. Tilman, 74 Okla. 259, 177 Pac. 558; In re Cobb's Estate, 66 Okla. 53, 166 Pac. 885; In re Bates' Guardianship, 70 Okla. 321, 174 Pac. 743; In re Lewis' Estate, 81 Okla. 240, 196 Pac. 341; In re Myers Estate, 93 Okla. 143, 219 Pac. 943.

The plaintiffs in error in their brief assert that the lower court, without evidence to support its action, wrongfully surcharged the guardian's approved annual reports as to his wards as follows:

In the estate of Nora May Overstreet:

| | |
|---|---|
| The first report | $ 35.36 |
| The second report | 79.00 |
| The fourth report | 5.00 |
| Fifth report | 126.00 |
| Second separate report | 130.00 |
| Total | $375.36 |

In the estate of Daisy Lillie Overstreet:

| | |
|---|---|
| Error in computation | $ 60.00 |
| First annual report | 35.38 |
| Second annual report | 74.00 |
| Joint report filed Feb. 15, 1916 | 5.00 |
| Report filed Feb. 21, 1918 | 57.03 |
| Total | $231.41 |

The plaintiffs in error set out these alleged errors with much particularity in their briefs, calling attention to the approved re-

ports of the guardian in evidence supporting their contention and asserting that the evidence offered in the court below does not show facts sufficient to justify the lower court in making the deductions and surcharges therefrom which it made. An examination of that part of the record cited by plaintiffs in error seems to support their contention.. The defendants in error have failed to set out in their briefs any evidence sufficient to overcome the contentions thus made by plaintiffs in error or to inform the court of the substance of such evidence or where it may be found in the record. To meet the issues thus presented in this court, the defendants in error are required by Rule 26 of this court (87 Okla. xxiii) to set out such evidence in their brief. This court will not search the voluminous record to find evidence sufficient to support the judgment of the lower court as to the items above enumerated and they are therefore allowed.

The plaintiffs in error set out a great many items contained in the final report of the guardian as to both of these estates and which they claim were erroneously disallowed by the lower court. They fail to set out in their briefs the evidence, or substance thereof, which they say is sufficient to support these items or to inform the court just where that evidence may be found in the record. The final account relied upon here was never approved by the county court, and therefore it does not amount to prima facie proof of the items therein contained. On behalf of the guardian, the surety asserts a claim for services performed by him. It seems that the only act of much importance which he performed was to embezzle all the funds of these children and run away, and we are not willing to allow him a commission on the funds which he has stolen.

Years ago, there were sold certain lands belonging to the estate of a deceased sister of these wards and the proceeds of the sale came into the hands of the mother of these wards. The money belonged to the mother as heir of the deceased, but she believed it belonged to these wards, and accordingly paid same over to the guardian as the property of the wards. This guardian received same in his official capacity and inventoried same and reported it to the county court as part of the estate of the wards. The mother does not now make any claim to such money, and any claim she could make is barred by the statute of limitations. The guardian cannot here deny the wards' title to such money. See Anderson v. Anderson, 45 Okla. 653, 146 Pac. 709.

On behalf of the guardian, the surety asserted that allowance should be made to the guardian for the room and board furnished the wards, his stepchildren, in the home of the guardian and his wife. It appears that the wife, who was the mother of the children, had much funds of her own and the lower court may rightfully have held that this support came from the mother and not the guardian, and that it was not the intention of the guardian to charge his minor stepdaughters for such support as he may have given them.

As to these items discussed and other items set out in their brief and which we have not already referred to, the attorneys for the plaintiffs in error have failed to satisfy the requirements of Rule 26 of this court, heretofore applied in their favor, by setting out evidence sufficient to sustain their contention. Allowance of all such items is denied.

The judgment of the lower court is therefore modified, so that the same shall show that on October 8. 1921, when the judgment was rendered in the district court, the said J. J. Mayo, as guardian, was indebted to Nora May Overstreet, now Tyler, only in the sum of $1,478.38, and he was indebted to Daisy Lillie Overstreet only in the sum of $438.59.

The case is remanded to the lower court, with instructions to modify the judgment in accordance with the terms of this opinion.

JOHNSON, C. J., and HARRISON, WARREN, and GORDON, JJ., concur.