## FOREMAN v. BRYAN, Gd'n.

No. 19896. Opinion Filed May 20, 1930.

Rehearing Denied Sept. 16, 1930.

Smith & Underwood and Allen, Underwood & Canterbury, for plaintiff in error.

W. A. Carlile, for defendant in error.

LEACH, C. This is an appeal by A. L. Foreman from a judgment rendered against him in the district court of Sequoyah county in favor of Cecil Bryan, guardian of Kilring Cotton, Jr., a minor.

The record and conceded facts show that A. L. Foreman was appointed guardian of Kilring Cotton by the county court of Sequoyah county about the year 1908; that he continued thereafter to act as such guardian during the minority of the ward, who became of age on November 12, 1922, and who died in November, 1926.

On June 22, 1927, the guardian, Foreman, filed in the office of the court clerk of said county a verified final report or account as guardian of the estate of the said Kilring Cotton, covering a period from June 10, 1919, the date of his last annual report, to November 12, 1922, the latter date being the date the ward became of age, in which report the guardian charged himself with rents from the ward's land in the sum of $1,800, and credited himself with various and sundry items and credits for merchandise or money furnished or paid the ward during the period of time covered, and concluded the report in the following language:

"Total balance due the guardian $984.67. Guardian further asks for attorney's fee and court costs against said minor, to be

fixed by the court. All of which is respectfully submitted."

Cecil Bryan, guardian of Kilring Cotton, Jr., sole surviving heir of Kilring Cotton, Sr., deceased, filed written exception to the said final report, alleging therein that the reasonable rental value of the lands belonging to the ward was much in excess of the amounts reported by the guardian; that the guardian cultivated the lands himself and should be charged with a reasonable rental value of the land; also took exception to certain charges and credits shown in the several reports of the guardian, and prayed that the county court adjudge the guardian, Foreman, to be indebted to the estate of his ward in the sum of $9,937.82, and that judgment be entered against the guardian and his bondsmen for said sum.

At a hearing on such report and the exceptions thereto before the county court on August 5, 1927, evidence was offered on behalf of the respective parties, and the court found that A. L. Foreman, guardian, was indebted to the estate of his ward, and entered judgment accordingly. On appeal therefrom to the district court of Sequoyah county, a de novo hearing was had, and the district court made certain findings of fact, conclusions of law, and adjudged and decreed that Cecil Bryan, guardian of the person and estate of Kilring Cotton, Jr., a minor, have and recover judgment against A. L. Foreman, guardian of the estate of Kilring Cotton, Sr., for the sum of $7,388.67, with interest.

Upon denial of motion for a new trial, A. L. Foreman brings this appeal, and sets forth in his petition in error several assignments of error, some of which are, in substance, as follows:

"Said court erred in that the findings of fact and the judgment rendered by it are contrary to the clear weight of the evidence, that the judgment is grossly excessive and not supported by the evidence, and that the district court erred in not holding that the relief sought by the defendant in error is barred by the statute of limitations."

We will first consider and dispose of the assignment and question as to whether the relief sought by the defendant in error was barred by the statute of limitations and the proposition and argument that the plaintiff in error made a fair settlement with the ward after the ward reached majority and received a receipt and release from him.

There was some testimony to the effect that such receipt was obtained and filed with the county court, but the trial court made a specific finding that no final receipt was obtained by the guardian and filed in the county court, no record could be found of such receipt in the office of the court clerk, and we are unable to say that the specific finding by the court on the question was against the clear weight of the evidence. Even had a receipt been obtained from the ward, the same would not have been conclusive on the rights of the ward or binding on the court unless it was fairly obtained. Francis v. Sperry, 71 Okla. 260, 176 Pac. 732.

On the question of limitation, the plaintiff in error relies upon section 185, C. O. S. 1921, subdivision 2 thereof, which fixes three years within which an action may be brought upon a liability created by statute, and contends that by reason of such provision of statute and the record here presented, the judgment should be reversed.

Our attention is not called to any pleading filed on behalf of the plaintiff in error wherein the statute of limitations was pleaded by him, but, from an examination of the record, it appears that during the trial of the matter objection was made to the introduction of certain testimony on behalf of defendant in error on the ground that the relief which it tended to establish was barred, and a motion to strike and a demurrer to the evidence of defendant in error was interposed on the same ground. No demurrer or motion was filed or presented by the plaintiff in error to the written exceptions filed in the county court by the defendant in error. As a general rule, the statute of limitation is a defensive matter and must be pleaded or properly presented by the parties seeking to take advantage thereof. However, aside from the question of whether the plaintiff in error properly presented such defense in the court below, we are of the opinion that the relief prayed for by the defendant in error was not barred under the record here presented.

The plaintiff in error invoked the jurisdiction of the county court in the matter by filing his report in 1926, wherein he asked for a hearing, settlement, and allowance of his account, and for affirmative relief against the estate of his ward for the amount which he claimed to be due him.

The plaintiff in error asserts in his brief, and there is some testimony in the record to support the same, that he filed a final report in 1923, and the same, together with the receipts attached thereto, were lost or misplaced, and that he filed the additional report in the year 1926 at the suggestion of the county judge in order to establish his

claim against the estate of his deceased ward. The record and proof does not conclusively show and establish a report to have been filed in 1923.

We do not consider the relief sought by the defendant in error in the exceptions filed to the report of the plaintiff in error, Foreman, to come within the bar of the statutes of limitation, under the record here presented, but were it to be conceded that it did fall within the bar of the statute, we think it clear that when the plaintiff, Foreman, filed his report and account in 1926, he thereby invoked the jurisdiction of the court, and he cannot now be heard to complain of the action of the court in making a comp.ete determination of the matters involved, and he is now estopped to assert that the action or the affirmative relief asked and granted on the exceptions to the report was barred by the statute of limitations. Furthermore, we are of the opinion that section 185, subd. 2, C. O. S. 1921, relied upon by the plaintiff in error, Foreman, is inapplicable and not a bar to the relief asked and awarded defendant in error under the record here presented, because of the holding in the case of Southern Surety Co. v. Beal, 134 Okla. 118, 272 Pac. 375, wherein it was held that subdivision 5, instead of the second subdivision of the section 185 of the statute, was applicable in an action on guardian bond, and that such action was not barred until five years after the ward reached his majority.

The final report of the guardian and the exceptions thereto in the present action were filed with the county court within a period of time less than five years from the date the ward became of age. The defendant in error in his exceptions to the final report asked for judgment against the guardian on the official bond of the guardian.

"Sureties on a guardian's bond, in the absence of fraud, are concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting." Southwestern Surety Ins. Co. v. Richard, 62 Okla. 122, 162 Pac. 468; Title Guaranty & Surety Co. v. Cowen, 71 Ok'a. 299, 177 Pac. 5б3.

Since the ward had five years from the date he became of age in which to commence an action on the official bond of the guardian, then to hold, in a case such as the present one, that a shorter period of time would bar the right of the ward to have an accounting and adjudication against his guardian would be ana'ogous to holding

that a shorter period of limitation would apply to the principal on a bond than to the sureties thereon.

We are of the opinion that the proceeding was commenced within the statutory period, and is not barred by limitation, and that the assignment of error based on such contention cannot be sustained.

The second proposition presented and argued in the brief of the plaintiff in error goes to the sufficiency and the weight of the evidence, it being contended that the evidence clearly established that the ward admitted after he reached his majority that he was indebted to the guardian in approximately the amount claimed by the guardian, and, furthermore, that the evidence shows that the ward executed a receipt, and for such reason it is contended that the judgment shou'd have been for the plaintiff in error.

The evidence relied upon by the plaintiff in error does not clearly show, even though it should be conceded true, that the admissions were made by the ward with knowledge of all the true facts relating to the management of his estate, or of his legal rights respecting the same, and are not conclusive on the rights of the ward nor bar a full consideration, hearing, and adjudication upon the final account and the record and evidence there presented. It appears significant that no mention whatsoever is made of the receipt in the final report filed by the guardian in the year 1926. We are unable to agree with the second point urged by plaintiff in error.

The next proposition presented in the brief of the plaintiff in error, and covering several assignments of error, is to the effect that, even conceding the plaintiff in error to be indebted to the estate of his ward in some amount, the judgment rendered and appealed from is grossly excessive and contrary to the weight of the evidence.

Under this proposition the plaintiff in error complains chiefly of the amount of rent charged him on the land of the ward. The record discloses that the plaintiff in error filed eight annual reports prior to the report filed by him in the year 1926, all of which set forth certain annual income or rents on the land of the ward averaging $150 per year except 1921 and 1922, and for those years, $750, as charges against the guardian, and such reports were approved by the county court, with the exception of the last one which covered a period from January 20, 1917, to June 11, 1919, and no action shows to have been taken on it. The

trial court in the instant case re-examined and considered such annual reports in connection with the 1926 final report, as authorized under the holding in Re Cobbs' Estate, 66 Okla. 53, 166 Pac. 885, and Tilman v. Tilman, 74 Okla. 259, 177 Pac. 558, and charged the plaintiff in error with additional sums as rent on the land of the ward for the several years, which land the guardian used or chiefly farmed himself. The rental allowed or charged by the district court was on a basis of $5 per acre for the years 1909 to 1912; $11 per acre for 1913 and 1914, and $10 per acre for the years 1915 to 1922, inclusive, except the years 1919 and 1920 at $15 per acre; there were 85 acres in the tract and the rent per acre was based on 65 acres in cultivation prior to the year 1915 and 81 acres thereafter. While the evidence relating to the reasonable fair rental value of the land is to the same extent conflicting and not uniform, yet it appears to reasonably support the finding of the trial court as to the rental value of the land per acre. As to the number of acres in cultivation in the year 1915, we conclude from the evidence that the additional land cleared in that year was not cultivated for that year and to that extent the guardian should not be charged with the additional increase in acreage from 65 to 81 acres until the year 1916; that the amount chargeable for the year 1915 should be reduced in the sum of $160 on account of error as to the number of acres in cultivation, and with that exception the finding of the court as to the rental value of the land should be affirmed.

In the case of In re Estate of Lewis, 81 Okla. 240, 196 Pac. 341, it was there held that where a guardian reports that he has rented certain lands of his ward, and reports only a nominal sum received as rents, and it is disclosed that the guardian rented the land to his minor son and a negro employee, the guardian furnishing the teams and seed and was to receive one-half the crops, and no accounting was kept of the crop raised, it was not error for the court to charge the guardian with the reasonable value of the land during said time, and where the amount charged as the reasonable rental value of the land is not clearly against the weight of the evidence, the finding will not be disturbed on appeal to this court.

Complaint was also made by the plaintiff in error that the trial court did not allow him compensation for clearing a portion of the land. As to this, we do not find in any of the reports filed by the plaintiff in error where he claimed any amount for clearing

the land or sought to charge the ward therewith, and it appears that the claim on such item was only verbally made on the hearing of the final report in the trial of this cause. From the testimony of certain witnesses, including those of the plaintiff in error, it appears that the trees cut in clearing the land were suitable for saw logs and were used as such and hauled to a saw mill. The trial court made the following finding of fact respecting the claim for clearing a portion of the land:

"The court further finds that the guardian cleared some of the minor's lands for which he may be entitled to compensation, but the proof shows that the timber from said land was sold and a strong presumption arises that the value of the timber equaled the expense of clearing the land."

In Re Estate of Talomase (Talomase v. Kelly) 98 Okla. 212, 225 Pac. 156, it was there held that, where a guardian failed to list in his reports certain items which he claimed were due him from the estate of his ward, that he could not assert or claim the same in a hearing in the district court on appeal from the judgment of the county court; that the issues as presented and made up in the county court could not be enlarged upon in the district court.

In view of the evidence referred to and the fact that the plaintiff in error made no claim in any of his reports for the expense of clearing the land, and did not present the same until the hearing in this cause, we are of the opinion that the finding of the trial court on such claim is justified, and that no reversible error is shown in the finding and action of the district court thereon.

Plaintiff in error further complains of the failure of the trial court to allow him compensation for his services as guardian, and in support of his argument therefor called attention to the fact that the county court originally allowed him the sum of $1,300 for such services.

Section 1463, O. O. S. 1921, originally provided in part that every guardian shall "have such compensation for his services as the court in which his accounts are settled deems just and reasonable," while the section, as amended by Session Laws 1923-4, chap. 84, sec. 4, provides that the guardian shall receive as compensation for collecting real estate rents 10 per cent. of the amount collected and accounted for and fixes the maximum compensation for any one year.

We are not unmindful of the holding of this court in Estate of Talomase, supra; In re Estate of Lewis, supra, to the effect that

where a guardian has willfully mismanaged and dissipated the estate of his ward, and fails to make a true report of his ward's estate amounting to a fraud, compensation for services of such a guardian may or should be disallowed, and consider the rule a salutary and proper one, but from a consideration of all the facts and circumstances, as shown by the record in this case, we do not feel justified in saying that the guardian was guilty of fraud or such gross malfeasance as to deprive him of just compensation in the matter. Mason v. Ford, 102 Okla. 257, 226 Pac. 346; Fisher v. Brown, 135 N. C. 198, 47 S. E. 398. The record discloses that the district court charged the plaintiff in error with rents and other income in the total sum of $10,342, and allowed him as a credit and compensation for his services the total sum of $148.73, $14.20 thereof having been claimed and allowed the guardian under a previous report filed by him. We are unable to determine upon what basis the court fixed the amount of compensation allowed, but, from our view and consideration of the record and evidence, we conclude, and are of the opinion, that the plaintiff should be allowed as compensation for his 13 years' service 10 per cent. of the total sum he is charged with, amounting to $1,001.82, and, after deducting therefrom the amount allowed by the district court, it appears the guardian would be entitled to the additional credit or sum of $869.47; this sum plus $160, which we find to be erroneous or excessive rents for the year 1915, should be deducted from the total amount of the judgment rendered against the plaintiff in error, thereby reducing the same to the sum of $6,319.20.

With the exception of the two items herein above referred to, we are of the opinion that the evidence and record supports the finding and judgment of the district court and that the same is not against the clear weight of the evidence. Tilman v. Tilman, supra; Kolb v. Wagner, 123 Okla. 142, 252 Pac. 34.

For the reasons stated, we conclude and hold that the judgment in favor of the defendant in error against the plaintiff in error should be reduced to the sum of $6,319.20, and as so reduced and modified, the same should be and is hereby affirmed.

The defendant in error in his brief asks for judgment on the supersedeas bond filed in this cause, a copy of which is shown in the record presented; it is therefore the further order and judgment of this court that the defendant in error, Cecil Bryan, guardian of Kilring Cotton, Jr., a minor, have,

and is hereby awarded, judgment against the plaintiff in error, A. L. Foreman, as principal, and the Southern Surety Company, surety on the supersedeas bond filed herein, for the sum of $6,319.20, with interest thereon at the rate of 6 per cent. per annum from November 12, 1922, and for the costs of this action.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under · (2) 12 R. C. L. p. 1157; R. C. L. Perm. Supp. p. 3272.