## GUST v. VAN COURT.

No. 8435—Opinion Filed Dec. 24, 1918.

(178 Pac. 683.)

**Attorney and Client — Attorney's Lien—Priority over Oil and Gas Lease.**

Where an attorney has a contract with parties claiming lands in adverse possession of another to prosecute an action for recovery of such lands, said contract providing that the attorney shall have a certain percent. of the land in the event of recovery or compromise of the lands or proceeds, and the attorney commences action in pursuance to the contract to recover said land, effects his attorney lien in accordance with the statute, a third party, who procures an oil and gas mining lease on the lands in controversy from the plaintiffs during the pendency of the suit, takes such oil and gas mining lease subject to the attorney's contract and lien, and where the controversy is compromised, and a part of the land is set apart and conveyed to the attorney in satisfaction of his lien and contract, such part

is not subject to the said oil and gas mining lease.

(Syllabus by Pryor, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action to quiet title by E. J. Van Court against Carl Gust. Judgment for plaintiff, and defendant brings error. Affirmed.

Turner & Turner, for plaintiff in error.

Geo. S. Ramsey, Edgar A. DeMeules, Malcolm E. Rosser, Villard Martin, and J. Berry King, for defendant in error.

Opinion by PRYOR, C. This is an action instituted in the district court of Creek county by E. J. Van Court against Carl W. Gust, to quiet title to certain lands lying in Creek county, Okla. The defendant, Carl W. Gust, answered, setting up certain oil and gas mining leases executed to him by Fannie Lasley, Sukey Harjo, nee Lasley, Charlie Simmons. Dickey Lasley, Sam Simmons, Della Simmons, and Manda Simmons. The land involved in the controversy is 40 acres of the allotment of Emma Taylor, and the above-named parties who executed the leases were heirs on the maternal side of said Emma Taylor, deceased. The other heirs of Emma Taylor had conveyed their interest in the allotment of 160 acres to B. B. Jones, who went into possession of the whole allotment on the purchase from the other heirs. Subsequent to the taking of possession by Jones, the lessees entered into a contract with the plaintiff, E. J. Van Court, as an attorney, employing him to institute suit and prosecute same to a final determination for recovery of their interest in said allotment, agreeing to convey to the said plaintiff a half interest in all the land recovered in said action, or a half of the result of the compromise. In pursuance to the contract, the plaintiff, Van Court, filed suit on behalf of the lessors to recover said land or their interest in same, and indorsed on the petition his lien claim. His contract with the Indians was approved by the county court. The action never reached final judgment, but the controversy was settled between Jones and the lessees, and in the settlement the 40 acres in controversy was conveyed to the plaintiff, Van Court, for his services rendered under his contract, and $200 which he paid to Jones for his interest in the 40 acres. During the pendency of the action, and before the settlement, the defendant took the leases in question from the above-named lessees, who were defendants in the action brought by the plaintiff.

There are several questions urged on appeal, but the only question necessary to de-

termine which is decisive of the whole controversy is whether or not the lessees have an interest in the land superior to the title of the plaintiff, acquired under and by virtue of his contract of employment with the lessors and his lien claim.

Section 248 of Revised Laws of 1910 authorizes a contract with an attorney for a per cent. of the proceeds of the client's cause of action not to exceed 50 per cent, contingent upon the success of the action or compromise.

Section 247 protects the. attorney for the fees provided for in a contract by giving him a lien on his client's cause of action, provides that such lien cannot be destroyed by any compromise or settlement, providing the defendant gives the plaintiff notice of his lien claim or indorses upon his petition "Lien Claim."

Under the statute it was competent for the lessors and plaintiff herein to enter into a contract, giving the attorney a per cent. of the land recovered and a per cent. of the proceeds resulting upon recovery on a favorable compromise; and, when this contract for fees is protected by the lien claim, as provided in the statute, as was done by the plaintiff in this action, the defendant could not deprive the plaintiff of his lien claim for attorney fees, or his rights under his contract by securing oil and gas mining leases on said premises from the clients of the said Van Court (plaintiff) during the pendency of said action, and the parties to that action had a right to convey to the said Van Court (the plaintiff in this action) a portion of the lands involved in that action in satisfaction of his contract for attorney fees and the title to that part of the land which was set apart to plaintiff, Van Court, in satisfaction of his attorney lien would be free from any incumbrance that the clients might have attempted to place thereon by reason of oil and gas leases, and such title is superior to an oil and gas lease, and this is true notwithstanding the plaintiff paid the said B. B. Jones $200 for his interest in the said 40 acres, as the lessees had no interest in the said 40 acres.

Therefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.