## McFARLAND v. BARKER et al.

No. 9956—Opinion Filed Feb. 1, 1921.

Rehearing Denied March 15, 1921.

(Syllabus by the Court.)

### Judgment—Guardian and Ward—Order of Court—Collateral Attack.

The county court has power to determine the amount due for money advanced for support and education of a minor, where guardianship proceeding is pending in such court, and an order, upon petition filed in such guardianship proceeding, asking allowance and payment of such claim, is not subject to collateral attack, although said order may be erroneous and subject to review on appeal.

Error from District Court, Craig County; Preston S. Davis, Judge.

From judgment of county court approving final guardianship report of B. A. McFarland, Sarah F. Barker, nee Lynch, for herself and as next friend of Charles W. A. Lynch and John Bruce Lynch, minors, appealed to district court, where judgment was for appellants, and McFarland brings error. Reversed and remanded.

Voyles & Rye, for plaintiff in error.

E. C. Fitzgerald, for defendants in error.

McNEILL, J. B. A. McFarland was appointed guardian of Sarah F. Barker, nee Lynch, Charles W. A. Lynch, Benj. H. Lynch, and John Bruce Lynch, children of Alice J. Lynch. After Benj. H. Lynch reached his majority he settled with the guardian, and is not a party to this proceeding.

Alice J. Lynch was a Cherokee citizen,

and as such received an allotment which descended equally to her seven children, four of whom were minors, and after B. A. McFarland was appointed guardian he sold the interest of the minors in the real estate by probate proceedings. On the 23rd day of August, 1909, B. A. McFarland, as guardian, filed a petition in the county court of Craig county to be allowed to pay certain costs incurred in the sale of the real estate, and set forth in the same petition the fact that Alice J. Lynch, the mother of said minors, during her lifetime received certain money from Jeff D. Sexton that was used for clothing, schooling, and maintaining said minors, and that the adult children had paid their portion of the claim to Jeff D. Sexton, and prayed that an order be made permitting him to pay the portion that should be charged to the four minor children, amounting to $155 for each minor. The petition was signed and sworn to, and attached to the same was a sworn statement of Jeff D. Sexton that the notes of Alice J. Lynch were given for money advanced for the maintaining and education of said minor children. The county court proceeded to hear evidence regarding the facts contained in the petition, and made a finding that the money was used in schooling, educating, clothing, and maintaining the minors, and ordered and directed that the guardian be authorized and directed to pay said amount in the total sum of $620 and charge $155 to the account of each minor. The guardian complied with said order and withdrew $155 from the funds of each of the estates and paid the same to Jeff D. Sexton, as directed by the order of the court.

The guardian filed his annual report each year in the county court disclosing what money had been expended and the amount on hand, and said reports were approved each year by the county judge.

When Sarah F. Barker reached her majority, B. A. McFarland filed his final guardianship report and his resignation as guardian of Charles W. A. Lynch and John Bruce Lynch and his final guardianship report in their estates. Sarah F. Barker, on her own behalf and as friend of Charles W. A. Lynch and John Bruce Lynch, filed exceptions to the final reports, and asked that the guardian be surcharged with the amount of money paid to Jeff D. Sexton. There were other exceptions to the report, but they are not involved herein, and will not be referred to. Amended exceptions were filed to the report, alleging that McFarland and Sexton colluded together in obtaining the order from the county court authorizing McFarland to pay the claim of Sexton. The approval of the final report came on for hearing before the county court, and the exceptions to the items in question were overruled and the report approved. The court found that all claims and accounts paid out and disbursed by McFarland as guardian were just and legal and were all paid under proper orders and directions of the county court. The court further found that the said guardian had always acted in good faith and for the best interest of his ward, that he had at all times during his administration first obtained proper orders or directions from the judge of said court before paying out or disbursing any of the funds belonging to any of said minors, and that the orders of the judge were valid and binding upon the wards and not subject to attack by excepting to the report of the final account.

From the judgment of the county court approving the final report and disallowing the exceptions to the final report, Sarah Barker and the minors appealed to the district court. The case was tried de novo in the district court upon an agreed statement of facts. The statement of the case heretofore made is, in substance, the agreed statement of facts, and in addition thereto the petition filed in the county court and the order of the county court ordering and directing the guardian to make said payment were made a part of the agreed statement of facts. It was further agreed that the guardian relied upon the order of the county court in paying out said funds and acted in good faith and with no fraudulent intention and relied solely upon the order of the court for his authority to pay said claim.

The district court rendered judgment against McFarland and in favor of Sarah F. Barker and each of the minors in the sum of $155 in each proceeding. From said judgment, the said B. A. McFarland has appealed to this court.

The correctness of the judgment of the district court depends upon whether the order of the county court directing the guardian to pay out said funds was void or erroneous. If void, the order is subject to collateral attack and might be attacked in this proceeding; but if erroneous, the same is not subject to a collateral attack, but would be subject to be reviewed on appeal.

This court, in an opinion by Commissioner Burford, passed on a case which is almost identical with the facts in the case at bar, and which has not been referred to by either the plaintiff in error or the defendants in error, to wit, Evans v. Harris, 60 Okla. 27, 158 Pac. 898, wherein this court stated as follows:

"The county court has power to determine the amount due an attorney for services to a minor, where guardianship proceeding is

pending in such court, and an order, upon the attorney's petition filed in such guardianship proceeding, asking the allowance and payment of such fees, is res judicata as to a subsequent suit against the guardian as such to recover the same fees for the same service."

Commissioner Burford held that section 13, art. 7, of Constitution gave the county court authority to pass upon a petition, similar to the one in controversy in this case. We are unable to distinguish a difference between a judgment of the county court based upon a petition to pay attorney fees and one based upon a petition to repay certain money that had been advanced and used for the education and clothing of said minors. When the court found the money was so used, and ordered the guardian to pay the claim, it would be a legal order. It is admitted there was no fraud connected with this transaction. The order of the county court directing the guardian to pay said claim would not be void and subject to collateral attack in this kind and character of proceeding, although the order of the court might be erroneous and reviewed on appeal.

For the reasons stated, the judgment of the district court is reversed, and cause remanded, with instructions to overrule the exceptions, in so far as this one item is concerned, to the final report of the guardian.

PITCHFORD, V. C. J., and MILLER, ELTING, and NICHOLSON, JJ., concur.