**BERRYHILL et al. v. SPILLERS.**

No. 15741—Opinion Filed Dec. 16, 1924.

Rehearing Denied Jan. 6, 1925.

1. **Guardian and Ward—Attorney's Contingent Fee for Recovery of Land—Validity of Contract.**

E. R. Prickett, as guardian of the person and estate of certain full-blood Creek minors, entered into a written contract, duly approved by the county court, with G. C. Spillers, whereby the latter undertook and agreed to represent the minors in the recovery of certain money, personal property and real estate, alleged to be the property of the minors, for a contingent fee of 25 per cent. of whatever property that may be recovered. The exact language of the promise of the guardian to pay for the services to be performed is as follows:

"Agrees to pay and convey to party of the second part, for said services, one-fourth of whatever shares of both real and personal property of said estate of said minors, or any of them, shall be finally adjudged to be entitled to."

The contract is construed to be a promise of the guardian to pay one-fourth of the value of whatever property that may be recovered, or convey an undivided one-fourth interest in the property recovered to the second party. The promises to pay are in the alternative, and the fact that the latter promise may be unenforceable does not render the first promise unlawful.

2. **Judgment Sustained.**

Record examined; held, to be sufficient to support the judgment of the court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; E. A. Summers, Special Judge.

Action by G. C. Spillers against William Berryhill, Tommie Berryhill, and Charley Berryhill, full-blood Creek minors, and E. R. Pickett as legal guardian, for debt on account of legal services performed for said minors. Judgment for plaintiff, defendants bring error. Affirmed.

Thrift & Davenport, for plaintiff in error.

Streeter Speakman, for defendant in error.

Opinion by STEPHENSON, C. E. R. Pickett. as legal guardian of the plaintiffs in error, who are full-blood Creek minors, entered into a written contract with G. C. Spillers, an attorney at law of the Tulsa Bar, whereby the latter agreed and undertook to represent the minors in court proceedings, in a contest between the minors and other claimants, as to the ownership of an estate consisting of money, personal property, and real estate. The contract provided for a contingent fee of 25 per cent. of whatever property that might be recovered, as compensation for the services to be performed by the attorney. The contract was presented to the county court upon petition and was duly approved.

The plaintiff represented the minors in the contest over the estate and secured a judgment in favor of the minors awarding cer-

tain property to them. The guardian refused to compensate the attorney according to the terms of the contract, and the plaintiff commenced his action against the minors and the guardian to recover a money judgment of 25 per cent. of the value of the property recovered for the estate. The trial of the cause by the court resulted in a judgment in favor of the plaintiff. The minors and the guardian have appealed the cause to this court and assign several of the proceedings had in the trial of the cause as error for reversal here: (1) That the judgment is contrary to law; (2) that the judgment is contrary to the evidence.

The plaintiffs in error do not appear to question the value of the services rendered by the plaintiff, or that the judgment of the court is not supported by the evidence.

Mr. Pickett answered a question by Mr. Spillers, as follows:

"Q. Mr. Pickett. so far as you know, my services were satisfactory in this matter? A. Yes, sir, as far as I know."

The plaintiffs in error made the following statement in their brief:

"Plaintiffs in error introduced no evidence in the action, relying upon the ground that the alleged contract was wholly void so far as it covered real estate."

It is apparent that the plaintiffs in error do not question the services as rendered by the plaintiff or that the judgment is not reasonable.

The material portion of the contract under consideration is in the following language:

"Agrees to pay and convey to party of the second part, for said services, one-fourth of whatever shares of both real and personal property of said estate said minors, or any of them, shall be finally adjudged to be entitled to."

The contract was presented by the guardian upon his petition to the county court of Creek county for approval. The court, after a hearing, entered its order duly authorizing the guardian to enter into the contract, and approved the contract for the contingent fee of 25 per cent. The approval of the contract by the court settled the validity of the contract as between the parties as to the question of the reasonableness of the compensation as fixed for the attorney for his services to be performed for the minors. Evans v. Harris, 60 Okla. 27, 158 Pac. 898; McFarland v. Barker, 80 Okla. 274, 196 Pac. 131; Cotoner v. Lon Jacobs Grocery Co., 84 Okla. 1, 202 Pac.

998; Myers' Estate v. Myers, 93 Okla. 143, 219 Pac. 943.

The court should take into consideration the situation of the parties, the subject-matter, and the purpose of the contract in construing the same. The meaning and intention of the contract should be gathered from a consideration of these matters, and should be given effect accordingly. Nelson v. Reynolds, 59 Okla. 168, 158 Pac. 301; Withington v. Gypsy Oil Co., 68 Okla. 138, 172 Pac. 634; Wolf v. Blackwell Oil & Gas Co., 77 Okla. 81, 186 Pac. 484.

The literal expressions of the contract are that the attorney shall be paid 25 per cent. of the value of the property, and receive a conveyance of one-fourth of the property recovered. The construction of the contract, according to the foregoing rule, is that the guardian agreed:

"To pay one-fourth of the value of the property recovered or convey an undivided one-fourth interest in the same to the attorney."

It was not intended by either or both of the parties that the guardian should pay one-fourth of the value of the property recovered to the attorney and also convey to him an undivided one-fourth interest in the property. The guardian bound himself either to pay 25 per cent. of the value of the property recovered or convey an undivided one-fourth interest in the property to the attorney. The promises are in the alternative, and the performance of either promise by the guardian would discharge the other.

The plaintiffs in error make the point that they cannot be compelled by an action for specific performance to convey an undivided one-fourth interest in the property recovered to the defendant in error; consequently, the invalidity of the latter promise renders the first promise void. We cannot agree with this conclusion. The promise to pay one-fourth of the value of the property recovered to the defendant in error for his services is a valid and enforceable promise. The contract places the plaintiff in an attitude where he may undertake the recovery for debt, and the plaintiffs in error can defeat the right only by offering to perform the other condition, in lieu of the one sued upon. The first promise is a complete agreement within its terms for compensating the attorney for his services. The attorney is not seeking to enforce specific performance in this action. The fact that one means provided by the

contract for compensating the attorney is invalid does not invalidate the other legal provision for paying the attorney. . The plaintiffs in error cannot sustain the proposition that the invalidity of the latter promise destroys the legality of the first promise to compensate the attorney in the manner provided. This supposition on the part of the plaintiffs in error is founded on the assertion that the latter promise cannot be enforced against the estate of the minors. We concede that the defendant in error could not enforce the specific performance of the contract for the conveyance of an undivided one-fourth interest in the property recovered. (But we do not decide the question that an attorney's lien based upon an approved contract by the county court could not be enforced as an attorney's lien against the subject-matter recovered for the benefit of the estate. The attorney's lien statute does not make any distinction as between the estates of minors and adults. Such probate jurisdiction as has not been transferred from the equity court to the county court remains in our district courts. Pomeroy's Equity Jurisprudence [2 Ed.] sec. 1154, page 1745. Rosenberg v. Frank, 58 Cal. 387. The minors, who do not possess ready means to employ legal representation, if given the benefit of the attorney's lien statute, would be placed in a position to secure competent legal representation upon a promise to pay a contingent fee upon recovery. It would appear to be the purpose of the Legislature in relation to all of its legislative enactments to give the minors the benefit of prosecuting their claims in litigation with equal advantages enjoyed by adults under the law. But a decision of this question is not called for in the course of the conclusion we have reached.)

The plaintiffs in error rest their rights to defeat the judgment in favor of the defendant in error alone upon the point first noticed; consequently, there is no occasion to make a further examination of the record.

It is recommended that the judgment of the court in favor of the defendant in error be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. § 472 (1926 Anno); (2) 4 C. J. § 3122.