## KELLY, Gd'n, et al. v. KELLY.

No. 19425. Opinion Filed Dec. 18, 1928.

W. N. Dannenburg and Chas. B. Rogers, for plaintiffs in error.

Claude A. Niles and R. B. Drake, for defendant in error.

BRANSON, C. J. The appeal is from the district court of McIntosh county. The cause had its origin in the county court of McIntosh county. ·This is the second time this court has been called upon to determine the rights of contending parties in the property of one Adam Scott, deceased, a citizen by blood of the Creek Nation. Upon the death of Adam Scott, a petition was filed in the county court of McIntosh county to determine heirship. . It was filed by the father and mother of the said decedent, the father and mother claiming to be the sole heirs.

Into said proceeding one Jennie Kelly, an infant, was brought by her guardian, Sam Kelly, duly appointed by the probate court of that county. The said Jennie Kelly pleaded in the said cause that she was the daughter and sole heir at law of the said Adam Scott, and that, while she was born out of wedlock, the said Adam Scott had recognized her as his child, and she thereby under the provisions of the law of this state became his heir apparent while he lived, and his sole heir at his death. The county court so held, the district court reversed the holding of the county court, and this court reversed the district court, in the case of Kelly v. Scott et al., 125 Okla. 208, 257 Pac. 303.

For the purpose of asserting the claim of said infant, the county court of McIntosh county authorized the said guardian to contract with one Dannenburg, an attorney of law; the contract was made in writing, submitted to the county court, and duly approved by said court. The approval of said contract was made upon the application of the said guardian theretofore appointed by the county court. The judgment of this court, cited hereinabove, in effect held that the record disclosed that Jennie Kelly, while of illegitimate birth, had, by virtue of the affirmative acts of recognition in writing by Adam Scott, become his heir.

After the cause was by mandate of this court returned to the district court of McIntosh county, the guardian of the said Jennie Kelly, concurred in and approved by the county court of McIntosh county, allowed some of the property to go to the father and mother, and for their benefit to be held by the Interior Department during their lives. The said father and mother of the said Adam Scott were full-blood citizens of the Creek Nation and under the superintending control of the Interior Department.

The contract heretofore mentioned made by Sam Kelly, as guardian of Jennie Kelly, an infant, with the said Dannenburg, was dated September 11, 1925, under section 4101, C. O. S. 1921, which section provides that it shall be lawful for an attorney to contract for a portion of the proceeds of a client's cause of action, not to exceed 50 per cent. of the recovery. Lashley v. Moore, 112 Okla. 198, 240 Pac. 704; Fry v. Wolf, 106 Okla. 289, 234 Pac. 191: State v. Pitchford, 43 Okla. 105, 141 Pac. 433: Gust v. Van Court, 74 Okla. 81, 178 Pac. 683; Berryhill v. Spillers, 105 Okla. 255, 232 Pac. 376.

When the litigation, as above indicated, had reached the stage as above set out,

and the guardian, with the approval of the county court, had acquiesced that the father and mother, who had claimed the entire estate as against the alleged illegitimate infant, Jennie Kelly, be given a part thereof, the guardian of Jennie Kelly, to wit, Sam Kelly, field a petition in the county court praying the court to direct the guardian to carry out his contract with the attorney who had conducted the said litigation in behalf of said minor, as to the remainder of the estate which went to the infant.

The petition of the guardian, to which was attached the contract, prayed that he be authorized to deliver half of the personal property, in the form of money and securities, and one-half of the income (any interest in the real estate involved being waived by counsel) derived from the real estate which came to the minor by reason of said litigation. The county court made an order, from which the guardian appealed to the district court, where the petition of the guardian seems to have been treated by the district judge as an action in equity, and the contract under which the services had been rendered was canceled, the district court fixing what it considered a reasonable amount on a quantum meruit basis.

It is now contended in this court, first, that the district court had no power to exercise equity jurisdiction and cancel the contract; and second, that if the contract was ignored, all of the evidence introduced on behalf of the petitioner, the guardian, admitted under oath from ten reputable members of the bar, was to the effect that 50 per cent. of the recovery, under the circumstances in the case, was a reasonable amount, and that the district court had no power to ignore this undisputed evidence and render or make an arbitrary valuation of the services rendered by the attorney, as the result of which all the property received and then owned by the infant came to it.

On the first proposition, it is vigorously contended by counsel that, under the said section 4101, C. O. S. 1921, and the decisions hereinabove cited, there is no distinction between a contract made with the guardian and approved by the county court, as to services required to be rendered in behalf of the guardian's ward, and a contract made with a person sui juris. The contract in the instant case was for 50 per cent. of the funds and property recovered for the minor. As heretofore stated, the district court canceled the contract, and fixed a compensation as above indicated. It appears from the record that the guardian petitioned the county court for direction to pay out the funds he had received in accordance with the contract as a matter of precaution, by reason of his being under a heavy bond.

We do not deem it necessary to discuss the proposition that the district court, on appeal, acted in the capacity of an appellate probate court, and not as a court with an equity power to cancel the contract, and even if it had such power, the issue as to whether the contract should be canceled was not raised by the pleadings. The question really is, What was the duty of the court under the contract?

The guardian ad litem appointed by the district court recites in his brief:

"The district court tried the cause upon the theory that it was sitting as a court of equity, and that it had authority to pass upon, interpret, and enforce the contract, and, as a matter of fact, did find that the contract was 'unconscionable' and void. While its decision was favorable to us, we think that the district court was manifestly in error when it assumed equitable jurisdiction, and attempted to exercise the powers of a court of equity. The case having started in the county court, sitting as a probate court, and appealed to the district court to be tried de novo, as provided by statute, we think it is clear that the district court was sitting merely as a substitute probate court. * * * We think that there can be no doubt that in this state probate procedure and the powers of a county court sitting as a probate court are strictly statutory, and that, under the Constitution and statutes, the district court, sitting as a probate court, cannot exercise any equitable jurisdiction."

This being admitted, the only question then is, Did the amount for the services to be rendered, as specified in the contract, have sanction in law? If so, the duty of the court was to direct the guardian to comply therewith and pay the attorney for services rendered in accordance with the contract.

This exact question was before this court in the above cited case of Berryhill v. Spillers, 105 Okla. 255, 232 Pac. 376. In that case, this court held that the amount of compensation and its reasonableness is determined and settled when the county court approved the contract. The language of that court in this case is as follows:

"The contract was presented by the guardian upon his petition to the county court of Creek county, for approval. The court, after a hearing, entered its order duly authorizing the guardian to enter into the contract, and approved the contract for the contingent fee of 25 per cent.

"The approval of the contract by the court settled the validity of the contract, as between the parties, as to the question of reasonableness of the compensation, as fixed for the attorney for his services to be performed for the minors. Evans v. Harris, 60 Okla. 27, 168 Pac. 898; McFarland v. Barker, 80 Okla. 274, 196 Pac. 131; Cotner v. Lon Jacobs Groc. Co., 84 Okla. 1, 202 Pac. 998; Myers' Estate v. Myers, 93 Okla. 143, 219 Pac. 943."

Under this and the other cases cited, it seems that the rule has been established as contended for by the plaintiff in error. We can well see that in a case such as here, where there was a destitute infant on one side, making a claim to be the heir of his putative father, and the father and mother of the putative father, sustained by the forces of the Interior Department, contending the child to be illegitimate, and not entitled to any of the property of the minor, that obligations might be incurred in the conduct of the litigation on the faith of the courts carrying out the contract as made. That the failure of the courts to direct on the petition of the guardian that the contract be so carried out, would work the gravest injustice. In the instant case, the litigation was long drawn out; the district court held against the infant in the parent suit, forcing an appeal to this court, where it won. The attorney at every stage of the proceeding ably and effectively represented his infant client, and complied with his said contract.

This court directed in the said case of Berryhill v. Spillers that the trial courts carry out the contract as made and pay the money under the contract. There is nothing in the record or the briefs in this case but that indicates what in the instant case this rule is more meritorious, if it can be placed upon that basis, than in the said case of Berryhill v. Spillers. For in the instant case, but for the agreement as to the contingent compensation made with the approval of the county court, the judgment depriving the infant of all interest in its father's estate would have, no doubt, become a finality, and it would have received nothing. All it has is due to the services rendered under the said contract, which the guardian now asks permission to carry out.

Following the rule announced by this court in the cases above cited, the judgment of the district court is reversed, with direction to enter a judgment granting the prayer of the guardian's petition, granting him permission to pay as by the contract provided, counsel having waived all interest in the real estate except revenue arising therefrom. Reversed.

MASON, V. C. J., and LESTER, CLARK, RILEY, and HEFNER, JJ., concur.