## In re GUARDIANSHIP OF HOLDER et al. HOLDER et al. v. HOLDER et al.

No. 27258. April 26, 1938.

Rehearing Denied June 7, 1938.

Bower Broaddus and Julian B. Fite, for plaintiffs in error.

Charles A. MacKenzie and Woodson E. Norvell, for defendants in error.

BAYLESS, V. C. J. W. A. Holder was appointed guardian of the persons and estates of several of his nieces and nephews in 1919. The estate of Herbert Holder, Mitchell Holder, Christine Holder, and Hes-

ter Holder only are involved now, the others having been disposed of otherwise.

March 15, 1923, the guardian filed his first reports in respect of the estates of these minors. These reports covered a period commencing with the inception of the guardianships and ending January, 1923. An order was entered as of that day setting these reports for hearing March 27, 1923, but no hearing thereon was held. February 15, 1926, the county judge issued a citation to the guardian reciting that, since the guardian had removed from the state, it was for the best interest of the wards to discharge him as guardian. The guardian then filed a final account as to each ward, which accounts supplemented the ones filed in 1923. The wards filed individual objections to these accounts, denying the correctness of charges and credits, and protesting specified expenditures for the lack of supporting receipts or evidences of payment. Upon trial in the county court, judgment was entered finding the guardian indebted to his wards in various sums. All parties gave notice of appeal to the district court, and the matter was tried de novo, resulting again in judgment in favor of the wards above named against the guardian and the surety on his bond. This appeal resulted.

The brief of the wards contained a motion to dismiss which has been considered heretofore by the court upon recommendation of the referee, and denied. No occasion exists for further consideration of the motion.

Among the assignments of error are those challenging the correctness of the findings and judgment of the trial court in favor of the respective wards. In the brief of the appellants this is treated under one proposition, reading:

"The accounts show that no sum is due Herbert Holder, Mitchell Holder, or Christine Holder, and that there is due Hester Holder only $32.97."

Under the proposition the appellants have set out a detailed analysis of the accounts. This is treated under the following heads: (1) The income allocable to each ward; (2) expenditures allocable to each ward; (3) court costs, attorney's fees, and bond premiums ratable to the wards; (4) taxes to be charged ratably; (5) improvements on wards' property; and (6) compensation to the guardian. The analysis of these figures, representing the contention of the guardian, disposes of all claims against the guardian except as to Hester Holder. The wards have not attempted to answer this analysis nor to point out wherein it is erroneous. They content themselves by relying upon the presumption of correctness inhering in the findings of the trial judge.

We are unable to approve the findings of the trial judge. There were discrepancies between the guardian's reports and the evidence. But in several respects the findings of the trial judge were arbitrary and not supported by evidence. For instance, concerning Herbert Holder's account, the trial judge charged the guardian with having received $1,826.73 for the ward. The guardian's report showed an aggregate received of $1,934.49, but apparently there were inadvertent duplications, etc. The ward's attorney stated at the trial that this figure should be $1.766.67. In the course of years, so the guardian testified, he had spent $397.-56 for clothing. The ward protested $97.17, thereby inferentially admitting that $300.39 was spent. The court allowed $200. There was a period of 84 months when the ward lived with the guardian or another party. Guardian testified he paid $542.50 to the other party at the rate of $5 per month, and produced vouchers for $375 paid the other party. He claimed he was entitled to $760 at the same rate. This actually amounts to more than could have been paid in the period at the rate. The court, however. allowed only $247.50. The guardian testified he spent $362.08 in improvements on Herbert Holder's separate property, and no specific items were protested, and much of it was supported by vouchers. The court allowed $200. The guardian testified that he gave the ward spending money to the amount of $117.93, or at the rate of about $20 per year, or $1.66 per month. Some of this was accounted for by canceled checks. The court disallowed the entire item. The guardian engaged in a lawsuit for the minors and charged a part of the expense to Herbert. $28.80. The guardian testified he furnished school supplies to the amount of $32.25, and produced some supporting vouchers. This was disallowed or ignored entirely. The guardian testified to improvements of property of all wards of which $111.48 was allocable to Herbert. This item was disallowed or ignored in its entirety. Other small items of insurance and taxes are disallowed or ignored. The court made an allowance of $356.77 for miscellaneous expenditures. without explanation concerning the items covered, or the figures used. We cannot verify or find them in the record. He allowed $182.65 for services without explanation. We cannot find the basis for this in the record as being within the statutory rate

of compensation. When these disallowances are added and applied to the charges, the resulting figure is slightly more than the charge or judgment. If they had been allowed, no judgment could have been rendered against the guardian.

The same course of arbitrary allowances and disallowances, without explanation and incapable of relation to the evidence, was pursued as to all wards. Obviously these findings are not supported by any evidence, and we cannot sustain them.

The opinion in Pruitt v. Pilgreen, 178 Okla. 608, 64 P.2d 263, contains a correct statement of the jurisdiction and power of the district court in hearing and deciding contested guardian accounts in a de novo trial on appeal. In a general sense it may be said that when a guardian accounts to his ward (Southern Surety Co. v. Jones, 90 Okla. 285, 214 P. 727), the guardian must have the approval of the supervising courts of his conduct of the affairs of the ward as disclosed by his account. What he must seek and receive from the courts is approval of his judgment and discretion in the management of the ward's affairs. The burden is upon the guardian to sustain his conduct. Pruitt v. Pilgreen, supra. However, the courts are not at liberty to be arbitrary in these matters. They cannot ignore the issues and record and set up figures bearing no relation to what has been done. In this case the accounts were detailed. The objections thereto were general, and specific as to some items. The evidence introduced by the parties went fairly to the issues joined. The trial judge could allow in toto, he could disallow in toto, expenditures not bearing the mark of legality or prudence, or he could allow credit for expenditures on a reduced basis, where he deemed them excessive under the record. But a trial judge cannot arbitrarily reduce the allowance for expenditures on board and keep to a starvation basis. If taxes have been paid on the ward's property, credit must be allowed. The guardian has no choice but to pay legal taxes. Prudence dictates that the ward's property be insured if the income from the estate can pay it. A ward should have some allowance for spending money from his estate, and should not be forced to live penniless. Upkeep and improvements for the ward's property are reasonable, but it appears that the allowance herein is on a flat basis which has no logical relation to the amount shown to have been expended or to the evidence concerning the necessity for improvement or upkeep, or the extent thereof. We cannot escape the conclusion that the trial judge's figures represent his mere judgment unsupported by any evidence.

There is a constant succession of allowances in multiples of $100, in the face of claimed expenditures much in excess thereof. These and the miscellaneous allowance are wholly hypothetical in the face of a reasonably factual record.

The record cannot be ignored and a settlement adjudged on a wholly punitive basis.

The judgments of the district court are reversed, and the cause is remanded to that court for further proceedings not inconsistent with the views expressed herein.

CORN, GIBSON, HURST, and DAVISON, JJ., concur.