HOLDER et al. v. HOLDER et al.

No. 29148.    March 12, 1940.

Rehearing Denied April 2, 1940.

*100 P. 2d 857.*

Woodson E. Norvell, of Tulsa, and George E. Norvell, of Seminole, for plaintiffs in error.

Julian B. Fite and Bower Broaddus, both of Muskogee, for defendants in error.

DANNER, J.   This is an appeal by Herbert Holder, Mitchell Holder and Hester Holder from an order made by the district court of Haskell county, Okla., wherein the court approved the final report of W. A. Holder, guardian of the above-named plaintiffs in error.

W. A. Holder, defendant in error, will hereinafter be referred to as guardian, and his codefendant in error, the United States Fidelity & Guaranty Company, will be referred to as surety. The plaintiffs in error will be referred to as wards.

The guardian was appointed, as guardian of Herbert Holder, on February 24, 1919, and of Mitchell and Hester Holder on March 18, 1919. The county court of Haskell county ordered the guardian to make his final report on or before March 9, 1926. These final reports were filed about April 19, 1926. Objections were filed by each ward, protesting certain expenditures. A hearing was had on the accounts of the wards on the 14th day of August, 1934, and the guardian was surcharged.

That order was set aside and a stipulation was incorporated in the vacating order to the effect that the cause be set for hearing on the 25th day of June, 1935, such hearing to be had on the reports theretofore filed by the guardian and the objections theretofore filed by the wards.

Such hearing was had, and the judgment was appealed from to the district court, where a subsequent hearing resulted in an order surcharging the guardian in various sums. The matter was appealed to this court and was reversed and remanded for a new trial. In re Guardianship of Holder et al., 183 Okla. 61, 79 P. 2d 1022.

The matter was again tried in the district court of Haskell county and resulted in the court approving the report of the guardian and allowing a small fee for his services. From that order the wards appeal and argue the following propositions as grounds for reversal:

"(a) The burden is on the guardian to sustain his conduct.

"(b) While it is not necessary for a guardian to obtain formal orders from the county court; and expenditures may be sanctioned by the judge's notation on the guardian's check, a guardian is not authorized to expend the entire corpus and income from his ward's estate without even consulting the county judge.

"(c) A guardian who dissipates his ward's estate is not entitled to compensation."

The court found that the guardian had spent large sums of money in the improvement of real estate, together with considerable sums for clothing and spending money; that some of the personal expenditures of the minors were more or less improvident, in that the wards were allowed to go to stores and make charge accounts for personal expenditures, and spend too much money with very poor judgment; that in the expenditure of money in making repairs and improvements on real estate, the court found nothing which called for criticism; that the money was honestly spent by the guardian, and that the court was unable to put his finger upon any item or items which ought to be surcharged. The court found there was $32.97 due Hester Holder after deducting the sum of $80.64 as compensation as guardian. The court squared off the account of the other wards and did not allow the guardian any compensation for his services for them.

The brief of the wards points out that the county judge did not authorize expenditures for repairs, that Hester Holder was charged with all taxes on the allotted homestead, yet she had only one-fourth of the immediate beneficial interest and only one-fifth of the fee, and further claiming that this was error for the reason that the homestead allotment was not taxable. To support the contention that the lands were taxable, the guardian cites Board of County Commissioners of Pontotoc County v. Brashears, 91 Okla. 24, 215 P. 763, wherein we held:

"Under Acts of Congress of April 28, 1906, and May 27, 1908, relating to restriction on alienation of lands allotted to Indians, and declaring that death of any allottee removes restrictions, held,

that on the death of an Indian allottee and descent of lands to heirs of less than full Indian blood, the lands became subject to taxation prior to their sale through the Oklahoma probate court; the provisions as to minority not changing the matter."

The wards were less than full Indian blood and the item of taxes was a proper expenditure.

The wards also point out that the guardian charged against his wards the expense of taking them to an orphanage, and contend that because of the claimed mismanagement of the estate, the guardian is not entitled to any fee for his services. The wards do not furnish us with any analysis of the accounts or point to any specific item, other than those above set out, that were improperly allowed, other than a dispute over a fur neck piece and the claim that the items for building material and labor were too high. The wards evidently rely on the fact that the burden of proof is on the guardian to correctly account for his wards' estate. The guardian, in his brief, has accepted this burden and has set out in his brief a rather detailed account. The wards do not file a reply brief. A great many of the items are small and there was no order made allowing the expenditure of these items and there were no vouchers for some of them.

Section 1343, O. S. 1931, 58 Okla. St. Ann. § 551, reads as follows:

"On the settlement of his account he may be allowed any item of expenditure, not exceeding fifteen dollars, for which no voucher is produced, if such item be supported by his own uncontradicted oath reduced to writing and certified by the judge, positive to the fact of payment, specifying when, where and to whom it was made; but such allowance in the whole must not exceed three hundred dollars against any one estate, nor over ten per cent. of the inventory appraised value of any estate under three thousand dollars."

However, canceled checks were produced, which would be in the nature of vouchers when properly indorsed, and which show that they were for legitimate expenditures. The total amount of these minor items is less than 10 per cent. of the estate of the wards, and, inasmuch as the court allowed said items and we do not find anything in the account to negative the correctness thereof, we will accept the action of the court as final.

The district court made full and complete findings, and heard all the evidence relating to the various items of expenditure. It would serve no useful purpose to discuss the various items of the account here. In Pruitt v. Pilgreen, 178 Okla. 608, 64 P. 2d 263, we laid down the rule that a formal prior order filed in a case authorizing expenditures is not necessary if the expenditures be such that the county court or the district court on appeal, after hearing the facts relating thereto, approves the same. In Foreman v. Bryan, 145 Okla. 1, 291 P. 33, we held that in the absence of a showing that the guardian had fraudulently dissipated the estate of his ward and failed to discharge his duty, he is entitled to compensation.

In this case the court found specifically that the guardian honestly spent the money of the wards, consequently, it was not error to allow compensation to the guardian. We quote from Pruitt v. Pilgreen, supra:

"Likewise, in the district court, upon appeal a full and complete hearing was had upon the same matters, at which much evidence, documentary and otherwise, was introduced, and which court had full power and authority to investigate and approve or disapprove all of the acts and expenditures of said guardian, and after a full and complete hearing approved the account and the expenditures of said guardian, with the exception of the surcharge mentioned above. Thus two courts heard the evidence and reached the conclusion that the expenditures were proper and should be allowed, with the exception mentioned. We cannot hold that said findings of said two courts are against the weight of the evidence."

We have examined the record in this case and find that the judgment is supported by the evidence. The judgment of the district court is affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DAVISON, JJ., concur.